CHRISTOPHER S. SAWYER, Plaintiff v. FOOD LION, INC., WM. C. VICK CONSTRUC-
TION CO., COMMERCIAL REFRIGERATION OF VIRGINIA, INC., and FROSTEMP
MECHANICAL, INC., Defendants

No. COA00-533

(Filed 19 June 2001)

**1. Evidence; Negligence— OSHA regulations—evidence of in-
dustry custom—sufficient to survive summary judgment**

OSHA regulations may be used as evidence of custom in the
construction industry, which is admissible in proving the requi-
site standard of care, but is just one factor to be considered by
the jury and is not dispositive; however, evidence of an OSHA vio-
lation is sufficient to survive a motion for summary judgment.

**2. Negligence— contributory—collapsing scaffold**

The trial court correctly granted summary judgment for
defendants in a negligence action brought by a construction
worker who was injured when the scaffolding on which he was
standing collapsed after a wheel rolled into an uncovered hole.
The evidence conclusively showed that plaintiff had knowledge
of the uncovered holes, understood the risks associated with this
hazard, disregarded those risks by placing his rolling scaffold in
close proximity to one of the holes, and failed to take additional
safety precautions by failing to set any of the wheel brakes.
Plaintiff was contributorily negligent as a matter of law.

**3. Negligence— gross—construction accident—evidence
insufficient**

The trial court did not err by granting summary judgment for
defendants in an action arising from an injury suffered by a con-
struction worker when his scaffold rolled into an uncovered hole
intended for piping where plaintiff contended that defendants
were grossly negligent in allowing the holes to remain uncovered,
but the negligence was not willful or wanton, or deliberate or
wicked in purpose.

Appeal by plaintiff from judgments entered on the 3rd, 7th, and
20th of January, 2000 by Judge James Floyd Ammons, Jr. in
Cumberland County Superior Court. Heard in the Court of Appeals 5
February 2001.

*Beaver, Holt, Richardson, Sternlicht, Burge & Glazier, P.A., by Mark A. Sternlicht, for plaintiff-appellant.*

*Poyner & Spruill, L.L.P., by Douglas M. Martin and Rebecca B. Wofford, for defendant-appellee Food Lion, Inc.*

*Patterson, Dilthey, Clay & Bryson, L.L.P., by Reid Russell, for defendant-appellee Wm. C. Vick Construction Co.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by J. Matthew Little; and Barber & Associates, P.A., by Sean T. Partrick, for defendants-appellees Commercial Refrigeration of Virginia, Inc., and Frostemp Mechanical, Inc.*

CAMPBELL, Judge.

Christopher Sawyer ("plaintiff") was working as an acoustical ceiling installer for Asheville Acoustics. Asheville Acoustics had been hired by the general contractor, Wm. C. Vick Construction Co. ("Vick"), to install ceiling tiles in a new addition to a Food Lion store in Cumberland County.

Ceiling tiles are placed individually by hand, and require the installer to stand on a scaffold and place the tile overhead, fitting it into a ceiling grid. The installation sometimes requires a great amount of pressure in order to set the tile in place, and also may require the installer to lean over the edge of the scaffold. If the installer is not using a stationary scaffold, this pressure and leaning can cause the scaffold to move or roll. The scaffold that plaintiff used was approximately six feet tall and six feet long, and had wheels on each of the four legs so it could be easily moved. Each of the wheels had brakes that could be set so the scaffold would not move while plaintiff was using it.

At the same time that Asheville Acoustics was working on the addition, Commercial Refrigeration of Virginia, Inc.[1] ("Commercial") was also at work, having been hired to install the refrigeration system needed to cool the grocery cases. This work included running copper piping underneath the floor that would carry coolant to the grocery cases.

---

1. For clarification we note that Frostemp Mechanical, Inc. is also a party to this action. Commercial Refrigeration of Virginia, Inc. and Frostemp Mechanical, Inc. merged, leaving Frostemp Mechanical, Inc. as the surviving corporation.

On 26 March 1996, plaintiff arrived at the worksite and noticed that the holes in the floor, where Commercial had been installing the piping, were uncovered. These holes were approximately two feet long, two feet wide, and twelve to eighteen inches deep. Plaintiff spoke to Vick's job superintendent about the holes, and was warned to be careful. Plaintiff then looked for covers for the holes, but was unable to find any so he began installing the ceiling tiles.

During the installation, plaintiff placed the scaffold so that one of the wheels was approximately eight to ten inches away from an uncovered hole and climbed the scaffold without setting any of the four wheel brakes. While plaintiff was placing a tile in the ceiling grid, the scaffold moved and the wheel rolled into the hole, causing the scaffold to collapse, throwing plaintiff approximately six feet to the floor, and thereby injuring him. Plaintiff brought this suit to recover for his injuries.

The trial judge granted summary judgment for the defendants, finding that in each case there was no genuine issue of material fact, and that summary judgment was proper. Plaintiff has appealed this Court for review.

"Summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, admissions and affidavits show no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Lilley v. Blue Ridge Elec. Membership Corp.*, 133 N.C. App. 256, 258, 515 S.E.2d 483, 485 (1999), *disc. rev. denied*, 350 N.C. 833, 539 S.E.2d 289 (1999) (citing N.C. Gen. Stat. § 1A-1, Rule 56 (1990)). It requires the lower court to view the evidence in the light most favorable to the non-moving party, meaning the trial judge must accept the non-movant's evidence as true, and draw all reasonable inferences therefrom. *Id.*

It is the movant in a summary judgment motion who bears the burden of proving either: "(1) an essential element of the non-movant's claim is nonexistent, (2) the non-movant cannot produce evidence to support an essential element of his claim, or (3) the non-movant cannot surmount an affirmative defense which would bar his claim." *Taylor v. Ashburn*, 112 N.C. App. 604, 606-07, 436 S.E.2d 276, 278 (1993). If the movant is able to prove any one of these three things, then summary judgment is proper.

At the heart of plaintiff's claim is the alleged negligence by Commercial. Plaintiff contends that Commercial violated the

**SAWYER v. FOOD LION, INC.**

[144 N.C. App. 398 (2001)]

Occupational Health and Safety Act (OSHA), 29 C.F.R. § 1900 *et. seq.* (2000), when it left the floor holes uncovered, and that taking this evidence in the light most favorable to the movant, this is evidence of Commercial's negligence. We agree.

**[1]** OSHA regulations may be used as evidence of custom in the construction industry, which in turn, is admissible in proving the requisite standard of care. *Cowan v. Laughridge Constr. Co.*, 57 N.C. App. 321, 325, 291 S.E.2d 287, 290 (1982). However, while an OSHA violation is some evidence of a defendant's negligence, it is not dispositive. It is just one factor to be considered and weighed by the jury. Nonetheless, since it does require a jury determination, evidence of an OSHA violation is sufficient to survive a motion for summary judgment.

**[2]** Despite this finding, we nevertheless uphold the trial court's award of summary judgment, because we find that plaintiff was contributorily negligent in his actions as a matter of law.

In North Carolina, if an issue of contributory negligence is raised as an affirmative defense, and proved, it completely bars plaintiff's recovery for injuries resulting from defendant's negligence. *Cobo v. Raba*, 347 N.C. 541, 545, 495 S.E.2d 362, 365 (1998).

We recognize that ordinarily, summary judgment is not proper in actions involving contributory negligence, *Jenkins v. Lake Montonia Club, Inc.*, 125 N.C. App. 102, 104, 479 S.E.2d 259, 261 (1997), since the standard used in contributory negligence cases, that of reasonable care, usually requires a jury determination. *Ragland v. Moore*, 299 N.C. 360, 363, 261 S.E.2d 666, 668 (1980). There are instances though, where summary judgment is proper. "[W]here the evidence is uncontroverted that a party failed to use ordinary care and that want of ordinary care was at least one of the proximate causes of the injury," summary judgment is appropriate. *Diorio v. Penny*, 103 N.C. App. 407, 408, 405 S.E.2d 789, 790 (1991).

Here, plaintiff knew there were holes in the floor, and that they might prove hazardous if he worked around them while they were uncovered. "The doctrine of contributory negligence will preclude a defendant's liability if [plaintiff] actually knew of the unsafe condition or if a hazard should have been obvious to a reasonable person." *Allsup v. McVille, Inc.*, 139 N.C. App. 415, 416, 533 S.E.2d 823, 824 (2000). The undisputed evidence in this case showed

that plaintiff told Vick's supervisor about the problem, and even looked for covers for the holes himself, because he knew the holes might be dangerous.

Despite being armed with this knowledge, plaintiff still decided to place his rolling scaffold only eight to ten inches away from one of the two feet square, twelve to eighteen inches deep holes. Moreover, in addition to placing the scaffold in such close proximity to a hole, plaintiff failed to set any of the four wheel brakes which are designed to prevent the scaffold from moving while in use, and then proceeded to install the ceiling tiles, which required him to lean over the edge of the scaffold and apply pressure to set the tile in place. By his own admission, plaintiff knew that if the scaffold wheels were not locked, such acts could cause the scaffold to move. We further note that failing to lock the wheel brakes so as to prevent the scaffold from moving is in itself an OSHA violation. 29 C.F.R. § 1926.452 (w)(2) (2000).

Under North Carolina law, a person who knowingly exposes himself to a risk which he has an opportunity to avoid may be contributorily negligent as a matter of law. *See, Cobo v. Raba,* 347 N.C. 541, 545-46, 495 S.E.2d 362, 365 (1998) (" 'Plaintiff may be contributorily negligent if his conduct ignores unreasonable risks or dangers which would have been apparent to a prudent person exercising ordinary care for his own safety.' ") (quoting *Smith v. Fiber Controls Corp.,* 300 N.C. 669, 673, 268 S.E.2d 504, 507 (1980)); *Conner v. Continental Indus. Chemicals,* 123 N.C. App. 70, 75, 472 S.E.2d 176, 180 (1996) ("Under North Carolina law, a plaintiff is contributorily negligent if the evidence shows that, as a matter of law, plaintiff failed to keep a proper lookout for his own safety."); *see also, Crane v. Caldwell,* 113 N.C. App. 362, 438 S.E.2d 449 (1994); *Diorio v. Penny,* 103 N.C. App. 407, 405 S.E.2d 789 (1991).

We find that the evidence conclusively shows plaintiff had knowledge of the uncovered holes, understood the risks associated with this hazard, disregarded these risks by placing his rolling scaffold in close proximity to one of the holes, failed to take additional safety precautions by failing to set any of the wheel brakes, and that as a result of his actions, plaintiff was injured.

We therefore conclude that plaintiff was contributorily negligent as a matter of law, and that as such, he is precluded from recovering damages for his injuries from Commercial. Thus, plaintiff is also barred from recovering from Vick and Food Lion, since plaintiff's

claims against them were predicated upon the claim against Commercial.

[3] As an additional matter, we note that plaintiff in his brief, also contends that Vick and Food Lion were grossly negligent by allowing the holes in the floor to remain uncovered. A claim for gross negligence, if proved, will overcome a finding of contributory negligence. *Yancy v. Lea*, 139 N.C. App. 76, 79, 532 S.E.2d 560, 562 (2000).

Gross negligence requires a finding that the conduct is willful, wanton, or done with reckless indifference. *Id.* Willful conduct is done with a deliberate purpose. *Id.* Conduct is wanton when it is carried out with a wicked purpose or with reckless indifference. *Id.* Thus, gross negligence " 'encompasses conduct which lies somewhere between ordinary negligence and intentional conduct.' " *Lea*, 139 N.C. at 79, 532 S.E.2d at 562 (quoting *Siders v. Gibbs*, 39 N.C. App. 183, 186, 249 S.E.2d 858, 860 (1978)).

We find that the conduct complained of here, wherein Vick's supervisor and Food Lion failed to cover the floor holes, was not willful or wanton, that it was neither deliberate nor wicked in its purpose, and therefore that it does not rise to the level of gross negligence. Accordingly, we conclude this assignment of error is without merit.

As we have found no gross negligence on the parts of Vick or Food Lion, and since plaintiff was contributorily negligent as a matter of law, he is barred from recovery for his injuries. The award of summary judgment by the trial court in favor of all defendants was proper.

Affirmed.

Judges WALKER and HUNTER concur.