**CLINTON TUTEIN, Plaintiff**
**v.**
**LYNN PARRY, Defendant**

Case No: SX-00-CV-080

Superior Court of the Virgin Islands

Division of St. Croix

October 24, 2006

LEE J. ROHN, ESQ., Rohn & Cameron, LLC, St. Croix, U.S. Virgin Islands, *Attorney for Plaintiff.*

RICHARD H. HUNTER, ESQ., Hunter Cole & Bennett, St. Croix, U.S. Virgin Islands, *Attorney for Defendant.*

DONOHUE, *Judge*

## MEMORANDUM OPINION

(October 24, 2006)

THIS MATTER is before the Court on Defendant's Motion In Limine Concerning the Applicability of 20 V.I.C. § 555. Plaintiff has filed a[n] Opposition and the Court permitted the parties to submit supplemental motions to fully brief the issues. Several matters of first impression were raised in Defendant's motion which the Court will address below.

## FACTS

This matter arose from an automobile accident on February 14, 1998 in [th]e vicinity of East End Road by the Yacht Club. Plaintiff filed a Complaint in this matter on February 14, 2000 claiming negligence and damages against Defendant. Trial is scheduled for October 30, 2006. On October 4, 2006, the parties submitted a Joint Final Pretrial Order where the parties stipulated that under title 20, Section 555 of the Virgin Islands Code, Plaintiff's non-economic damages are limited to a maximum recovery of $75,000.00. Defendant has stipulated that the accident was caused by his negligence and Plaintiff was not contributorily negligent. However, under section 8 of the Joint Pretrial Order, Plaintiff's Statement Of Legal Issues Presented, Plaintiff raises the issue of whether the accident resulted from Defendant's gross negligence, making the statutory cap inapplicable. Defendant argues that he had no notice that

Plaintiff was seeking damages under a claim of gross negligence and is not prepared to defend against allegations of gross negligence. Plaintiff argues that at trial they will use the testimony of the investigating police officer and pictures showing damage to the vehicles to establish gross negligence. Additionally, Plaintiff argues that he is not required to plead gross negligence specifically because "degrees of negligence are a matter of proof and not of averment; therefore, a general allegation of negligence is sufficient whether the defendant is liable for ordinary or gross negligence." 65A C.J.S. *Negligence* § 680 (2000).

## STATUTE

Title 20, Section 555 of the Virgin Islands Code (hereafter referred to as the "Statute") provides:

> (a) The total amount recoverable for non-economic damages for any injury to a person in an action arising out of a motor vehicle accident may not exceed seventy-five thousand dollars ($75,000); provided, however, that this limitation shall not apply upon a finding of gross negligence or willful conduct. V.I. CODE ANN. tit. 20, § 555 (2006).

## DISCUSSION

### 1. THE STATUTORY LANGUAGE IN TITLE 20, SECTION 555 OF THE VIRGIN ISLANDS CODE RECOGNIZES DIFFERENT STANDARDS OF NEGLIGENCE

· Many jurisdictions do not recognize different standards of negligence as part of their common law. 57A AM. JUR. 2D *Negligence* § 219 (2006). These jurisdictions take the view that negligence, whatever label is given to characterize it, is the failure to exercise the care and skill which the situation demands, and that it is more accurate to call it simply "negligence." *Id.* "Therefore, to say that something occurred through slight negligence or through gross negligence generally means nothing more than that it came about through negligence, and the fact that an act of negligence may be slight or gross does not affect the right to recover damages for all the injuries received." *Id.* However, even in those jurisdictions in which the common law different standards of negligence are not generally recognized, courts may nevertheless be constrained to recognize different standards when applying statutes that use a term such

103

as "gross negligence," because where a legislative rule adopts different standards, such an adoption cannot be treated as meaningless or be denied application. 57A AM. JUR. 2D *Negligence* § 220 (2006).

A statute "should be construed so that effect is given to all [of] its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error." *Silverman v. Eastrich Multiple Investor Fund, L.P.*, 51 F.3d 28, 31 (3d Cir. 1995) (citing 2A NORMAN J. SINGER, SUTHERLAND, STATUTES AND STATUTORY CONSTRUCTION, § 46.06, at 119-20 (5th ed. 1992)). It is this Court's duty, under established principles of statutory construction, to give effect, if possible, to every clause and word of a statute. *U.S. v. Menasche*, 348 U.S. 528, 538-39, 75 S. Ct. 513, 519-20 (1955); *Commonwealth v. Sitkin's Junk Co.*, 412 Pa. 132, 138, 194 A.2d 199, 202 (1963). By providing an exception to the statutory limitation for damages, the Court can infer that the legislature intended to distinguish gross negligence as distinct and apart from negligence and from willful conduct.

## 2. GROSS NEGLIGENCE

Neither the Statute nor case law within the Territory defines the concept of gross negligence. In *Fialsowski v. Greenwich Home for Children, Inc.*, 921 F.2d 459, 462 (3d Cir. 1990), the Third Circuit stated that "[l]acking any other indication of legislative intent, we assume that 'gross negligence' [for that statute] has the generally accepted meaning of that term, *i.e.*, "a greater want of care than is implied by ordinary negligence" or "the want of even scant care" and the "failure to exercise even that care which a careless person would use."[1] *Id. See Milwaukee & St. Paul Ry. Co. v. Arms*, 91 U.S. 489, 495 (1876), W. KEETON, D. DOBBS, R. KEETON & D. OWEN, PROSSER AND KEETON ON TORTS, § 34

---

[1] The Court notes that this definition of gross negligence is the common law definition in Pennsylvania and the Third Circuit was interpreting a Pennsylvania statute in *Fialsowski v. Greenwich Home for Children, Inc.* The Third Circuit has noted that the few Pennsylvania cases defining gross negligence under provisions of state law are consistent with these general principles. "For example, in *Williams v. State Civ. Serv. Comm.*, 9 Pa. Commw. 437, 306 A.2d 419, 422 (1973), ... gross negligence was defined as the 'failure to perform a duty in reckless disregard of the consequences or with such want of care and regard for the consequences as to justify a presumption of willfulness or wantonness.'" *Fialsowski*, 921 F.2d at 462 n. 8.

at 183 (5th ed. 1984). However, in *Browning v. Fidelity Trust Co.*, 250 F. 321 (3d Cir. 1918), the Third Circuit held that the elemental idea of negligence is failure or omission to do something which should have been done and negligence that is gross involves the additional and affirmative element of intent to do, or willfulness in performing, the negligent act. *Id.* It is evident that gross negligence is a term easily used but hard to define.[2]

In the absence of statute or case law within the Territory to direct this Court, Title 1, Section 4 of the Virgin Islands Code directs us to examine the common law, first as expressed in the Restatements, and then as generally understood and applied in the United States. V.I. CODE ANN. tit. 1, § 4 (2006). Where the Restatement is silent and a split of authority exists, courts should select the sounder rule. *Polius v. Clark Equip. Co.*, 802 F.2d 75, 77 (3d Cir. 1986) (citing *Wells v. Rockefeller*, 728 F.2d 209 (3d Cir.1984)).

In some jurisdictions, gross negligence has come to mean the same or substantially the same thing as is described by the terms "wanton, willful or reckless conduct."[3] 57A AM. JUR. 2D *Negligence* § 232 (2006). *See*

---

[2] Dean Prosser describes gross negligence as follows: As it originally appeared, this was very great negligence, or the want of even scant care. It has been described as a failure to exercise even that care which a careless person would use. Several courts, however, dissatisfied with a term so nebulous, and struggling to assign some more or less definite point of reference to it, have construed gross negligence as requiring willful misconduct, recklessness, or such utter lack of all care, which these courts interpret as being the intent of the legislature. But it is still true that most courts consider that "gross negligence" falls short of a reckless disregard of consequences, and differs from ordinary negligence only in degree, and not in kind. There is, in short, no generally accepted meaning; but the probability is, when the phrase is used, that it signifies more than ordinary inadvertence or inattention, but less than conscious indifference to consequences; and that it is, in other words, merely an extreme departure from the ordinary standard of care. W. Prosser, Handbook of the Law of Torts s 34, at 183-84 (4th ed. 1971) (footnotes omitted).

[3] *Sawyer v. Food Lion, Inc.*, 144 N.C. App. 398, 549 S.E.2d 867, 871 (2001) (gross negligence requires a finding that defendant's conduct is willful, wanton, or done with reckless indifference). Under New York law, a mistake or series of mistakes alone, without a showing of recklessness, is insufficient for a finding of gross negligence. *American Tel. & Tel. Co. v. City of New York*, 83 F.3d 549 (2d Cir. 1996). The term "gross negligence"—when it is used to describe an extreme departure from the ordinary standard of care—has essentially the same meaning as the term "recklessness." *St. Onge v. Detroit & Mackinac Ry. Co.*, 116 Mich. App. 128, 321 N.W.2d 865 (1982). "Gross negligence" is lack of care that is practically willful in its nature and evinces reckless temperament. *Jones v. Ahlberg*, 489 N.W.2d 576 (N.D. 1992).

Edwin H. Byrd, III, *Reflections on Willful, Wanton, Reckless, and Gross Negligence*, 48 LA. L. REV. 1383 (1988). While, in the case of gross negligence, various terms have been used to express the mental state of the actor, the idea conveyed by these jurisdictions seems to be that the act is done not inadvertently, but perhaps willfully and intentionally, or at least with a conscious indifference to consequences. 57A AM. JUR. 2D *Negligence* § 232, *supra.* Under other definitions, the term "gross negligence" is broad enough to include not only wanton acts but also acts performed with intent to injure the person or property of another, the intent involved being actual or constructive. *Id.*

The Statute states that the "limitation shall not apply upon a finding of gross negligence or willful conduct." The Court can only interpret this to mean that the legislature intended to distinguish gross negligence from that of willful conduct and, therefore, cannot be substantially the same thing. Willful is a word of many meanings, its construction often influenced by its context. *Screws v. U.S.*, 325 U.S. 91, 101, 65 S. Ct. 1031, 10 (1945). BLACK'S LAW DICTIONARY defines willful as "[p]roceeding from a conscious motion of will" or something that is "designed," "intentional," and "not accidental or involuntary." BLACK'S LAW DICTIONARY 1434 (5th ed., West 1979). Therefore, gross negligence under the Statute cannot be defined as an intentional or voluntary act.

Other jurisdictions have defined gross negligence which incorporates reckless and wanton conduct. "Texas requires that the conduct, defined as 'gross negligence,' exhibit 'that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the right or welfare of the person or persons to be affected by it." Byrd, 48 LA. L. REV. at 1394 n.62 (citing *Missouri Pacific Railway Co. v. Shuford*, 72 Tex. 165, 170, 10 S.W. 408, 411 (1888)). California has defined gross negligence as the "'want of care which would raise a presumption of the conscious indifference to consequences,' *People v. Pfeiffer*, 224 Cal. App. 2d 578, 580, 36 Cal. Rptr. 838, 839 (1964) (quoting *People v. Costa*, 40 Cal. 2d 160, 166, 250 P.2d 1, 5 (1953)), and as 'the exercise of so slight a degree of care as to justify a belief that there was an indifference to the things and welfare of others ... rais[ing] a presumption of the conscious indifference to consequences' and 'a passive and indifferent attitude toward results.' *Amoruso v. Carley*, 93 Cal. App. 2d 422, 427, 209 P.2d 139, 142

(1949)." Byrd, 48 LA. L. REV. at 1395 n.64. Oklahoma characterizes gross negligence as reckless indifference to the consequences and falling short of an intentional wrong's equivalent. *Myers v. Lashley*, 2002 OK 14, 44 P.3d 553 (2002), as amended, (Mar. 20, 2002). *See supra* footnote 4 for other jurisdictions.

Wanton conduct is defined as the performance of an act "which is so unreasonable and dangerous that imminent likelihood of harm or injury to another is reasonably apparent" even though the actor possesses no intent to cause harm. *Id.* at 1419. "For conduct to be 'reckless' it must be such as to evince disregard of, or indifference to, consequences, under circumstances involving danger to life or safety to others, although no harm was intended." *Id.* at 1142 (citing *Duckers v. Lynch*, 204 Kan. 649, 465 P.2d 945, 948 (1970)). Section 492 of Title 20, "Operating Motor Vehicle In Reckless Manner" states that "[f]or purpose of this section to 'operate in a reckless manner' means the operation of a vehicle upon the public highways of the Territory in such a manner as to indicate either a willful or wanton disregard for the safety of person or property." V.I. CODE ANN. tit. 20, § 492 (2006). Although we must look to the provisions of the whole law, and to its object and policy, we find that this section of the Motor Vehicle laws is not dispositive in defining reckless and wanton with regards to the Statute because of the qualifying phrase "for purposes of this section," which clearly is a means of narrowing its applicability to only section 492.

▮ Therefore, we hold that, with regards to Title 20, Section 555 of the Virgin Islands Code, gross negligence encompasses "reckless" and "wanton" conduct. That is, the actor under the Statute must demonstrate a conscious indifference to the consequences of his conduct or act so unreasonable that imminent likelihood of harm or injury to another is reasonably apparent.

### 3. TITLE 20, SECTION 555 OF THE VIRGIN ISLANDS CODE REQUIRES PLAINTIFF TO ALLEGE A CLAIM OF GROSS NEGLIGENCE

Plaintiff argues that he is not required under law to plead gross negligence specifically because "degrees of negligence are a matter of proof and not of averment; therefore, a general allegation of negligence is sufficient whether the defendant is liable for ordinary or gross negligence." 65A C.J.S. *Negligence* § 680 (2000). The Court disagrees. It

is clear that the Statute makes a distinction between negligence and gross negligence, which affects the amount of liability placed upon a defendant. This is evidenced in the Order issued by the District Court in *Stridiron, et al. v. Mobile Paint Mfg. Co. of Delaware*, 2003 LEXIS 24084 (D.V.I. 2003). In *Stridirion*, the plaintiffs sought to amend their pleadings to seek gross negligence against all defendants pursuant to the Statute. *Id.* at *3. The District Court, after determining no prejudice existed against the defendants, permitted such amendment because plaintiffs made a "colorable claim" to assert gross negligence against one of the defendants and should be afforded the opportunity to test such claim on the merits. *Id.* at *3-*4. We find that the District Court has acknowledged that gross negligence must be pled as a separate claim from negligence under the Statute.

██ Additionally, the function of a pleading is, under the practice and procedures that govern this Court, is to inform the opposing party and the court of the nature of the claims and defenses being asserted. 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1182 (3d ed. 2004). We find, that as a matter of fairness, a plaintiff must allege gross negligence as a separate claim from negligence in an action arising from the Statute in order to permit a defendant to adequately defend against a claim of gross negligence. This holding is consistent with other jurisdictions which recognize gross negligence as distinct from negligence. In *Leite v. City of Providence*, 463 F. Supp. 585 (D.R.I. 1978), the Court held that to distinguish between negligence and gross negligence is not to indulge in technicalities; there is a clear and significant difference between the two standards. In order to charge gross negligence, the plaintiffs must plead facts showing that the defendant acted with a wanton and reckless disregard for others. *Marriott Corp. v. Chesapeake & Potomac Telephone Co. of Maryland*, 124 Md. App. 463, 723 A.2d 454 (1998). In *Royal Indemnity Co. v. Security Guards, Inc.*, 255 F. Supp. 2d 497, 505-506 (E.D. Pa. 2003), the Court held that plaintiff's claim for gross negligence should not be dismissed because Pennsylvania did recognize gross negligence as a separate standard of care or theory.

## 4. THE COURT WILL NOT PERMIT PLAINTIFF TO AMEND THE PLEADINGS

■ Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its complaint and the court to grant such leave "when justice so requires." FED. R. CIV. P. 15(e). In the absence of any apparent or declared reason ... such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc.-leave sought should, as the rules require, be "freely given." *Stridiron*, 2003 LEXIS 24084 at *2 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Prejudice to the non-moving party is the touchstone for the denial of the amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993) (citing *Cornell & Co., Inc. v. OSHRC*, 573 F.2d 820, 283 (3d Cir. 1978)). An amendment will be denied if the movant establishes that it "was unfairly disadvantaged or deprived of the opportunity to represent facts or evidence which it would have offered had the ... amendments been timely." *Id.* Prejudice become[s] undue when a party shows that it would be "unfairly prejudiced" or deprived of the opportunity to present facts or evidence which it would have offered. *Stridiron*, 2003 LEXIS 24084 at *3 (citing *Morton International, Inc. v. A.E. Staley Mfg. Co.*, 106 F. Supp. 2d 737, 745 (D.C.N.J. 2000)).

■ We find that undue prejudice does exist in this matter. This case was filed in 2000, over 6 years ago. During this time, Defendant was never put on notice that Plaintiff was asserting a claim of gross negligence and the Complaint filed only asserts negligence. On the eve of trial, after Defendant conceded to liability within the statutory limitations imposed by the Statute, Plaintiff now attempts to assert gross negligence. This approach essentially prevented Defendant from mounting a complete defense to the claim, such as, obtaining expert reports by an accident reconstructionist. Therefore, the Court will not permit any amendment to the pleadings this late in the prosecution of this matter.

An appropriate Order will be entered.