An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-180

Filed 4 June 2025

Mecklenburg County, No. 21CVS020535-590

PHILLIP CARLSON AND PAULA CARLSON, Plaintiffs,

v.

J.E. DUNN CONSTRUCTION COMPANY, JOHNSON BROS. CORPORATION, A SOUTHLAND COMPANY, AND CITY OF CHARLOTTE, Defendants.

Appeal by Plaintiffs from orders entered 17 February 2023 and 20 April 2023 by Judge Carla N. Archie in Mecklenburg County Superior Court. Heard in the Court of Appeals 11 September 2024.

*Carruthers & Roth, P.A., by Kevin A. Rust, for Plaintiffs-Appellants.*

*Robinson, Bradshaw & Hinson, P.A., by Stephen M. Cox, Steven A. Bader, and Hana M. Crandall; and Cranfill Sumner LLP, by Samuel H. Poole, Jr. and Kayla N. McDaniel, for Defendants-Appellees.*

CARPENTER, Judge.

Phillip[1] and Paula Carlson (collectively, "Plaintiffs") appeal from orders granting the motions for summary judgment filed by J.E. Dunn Construction

---

[1] Mr. Carlson's first name is inconsistently spelled throughout the record and parties' briefs, appearing as "Philip" or "Phillip." Phillip is used herein in order to match the initial complaint filed by Plaintiffs and the trial court's orders.

Company and Johnson Bros. Corporation (collectively, "Defendants"), and denying Plaintiffs' Rule 60(b) motion. After careful review, we affirm.

## I. Factual & Procedural Background

On 16 February 2020, Plaintiffs visited downtown Charlotte to attend a Tony Bennett concert. On the evening of the concert, Plaintiffs walked from their hotel to the Blumenthal Performing Arts Center where the concert was held. Following the concert, Plaintiffs walked to a restaurant. After leaving the restaurant, Plaintiffs began to walk back to their hotel when they arrived at the intersection of Poplar and Trade Streets.

According to Mr. Carlson, the "sidewalk across the street . . . was closed." But there were open sidewalks "along Poplar Street." During their walk to the hotel, Plaintiffs turned right on Trade Street and continued down the sidewalk until they came across "black construction netting." The netting was in an area of construction where Defendant J.E. Dunn was building the Grand Bohemian Hotel on Trade Street. Defendant J.E. Dunn erected the netting to block off the area from pedestrians. Because their pathway was obstructed, Plaintiffs entered the construction site and proceeded through a gap in temporary fencing that put them into the closed lane of Trade Street.

The closed lane of Trade Street was separated from an active lane by traffic cones and large orange and white jersey barriers. Plaintiffs continued down the closed lane of Trade Street until their path was obstructed by large construction

machinery. With their path impeded by the machinery, Plaintiffs proceeded into the active lane on Trade Street. Doing so required Plaintiffs to step over the streetcar line and pass through a row of cones. Upon entering the active lane, Plaintiffs continued along the jersey barriers towards the intersection of Trade and Church Streets. While traveling down the active lane, Mr. Carlson tripped and fell forward into a section of excavated asphalt within the construction site, suffering significant injuries. The following day, Mr. Carlson underwent spinal surgery and remained hospitalized for twenty-six days.

On 29 December 2021, Plaintiffs filed a complaint in Mecklenburg County Superior Court against Defendants and the City of Charlotte, alleging various negligence claims for personal injuries as a result of Mr. Carlson's fall. On 2 and 5 December 2022, Defendants filed motions for summary judgment, both contending that "Plaintiffs Phillip and Paula Carlson committed contributory negligence in connection with the incident on which this lawsuit is based." On 12 December 2022, the trial court conducted a hearing. On 17 February 2023, the trial court granted Defendants' motions for summary judgment.

On 20 February 2023, Plaintiffs filed a Rule 60(b) motion. On 16 March 2023, Plaintiffs filed notice of appeal from the summary-judgment order. On 20 April 2023, the trial court denied Plaintiffs' motion and Plaintiffs filed amended notice of appeal on 17 May 2023. On 17 January 2024, this Court dismissed the appeal as interlocutory because the City had pending crossclaims against Defendants.

Thereafter, on 24 January 2024, the City dismissed its crossclaims. That same day, Plaintiffs filed notice of appeal from the trial court's orders granting Defendants' motions for summary judgment and denying Plaintiff's Rule 60(b) motion.

## II.  Jurisdiction

This Court has jurisdiction pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2023).

## III.  Issues

The issues are whether the trial court erred by: (1) granting Defendants' motions for summary judgment, and (2) denying Plaintiffs' Rule 60(b) motion.

## IV.  Analysis

### A.  Summary Judgment

First, Plaintiffs argue the trial court erred by granting Defendants' motions for summary judgment. Specifically, Plaintiffs contend the trial court erroneously concluded that walking through a construction site constitutes contributory negligence as a matter of law. We disagree with Plaintiffs.

We review a trial court's order granting or denying summary judgment de novo. *N.C. Farm Bureau Mut. Ins. Co. v. Simpson*, 198 N.C. App. 190, 191, 678 S.E.2d 753, 754 (2009). Under a de novo review, this Court " 'considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (quoting *In re Greens of Pine Glen Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

Summary judgment is appropriate when "there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2023). Regarding a motion for summary judgment, the trial court "must view the presented evidence in a light most favorable to the nonmoving party." *Dalton v. Camp*, 353 N.C. 647, 651, 548 S.E.2d 704, 707 (2001).

"Negligence claims and allegations of contributory negligence should rarely be disposed of by summary judgment." *DeHaven v. Hoskins*, 95 N.C. App. 397, 402, 382 S.E.2d 856, 859 (1989). This is because contributory negligence involves a reasonable standard of care, generally a fact-specific inquiry better suited for the factfinder. *Ragland v. Moore*, 299 N.C. 360, 363, 261 S.E.2d 666, 668 (1980). Nonetheless, "'where the evidence is uncontroverted that a party failed to use ordinary care and that want of ordinary care was at least one of the proximate causes of the injury,' summary judgment is appropriate." *Sawyer v. Food Lion, Inc.*, 144 N.C. App. 398, 401, 549 S.E.2d 867, 870 (2001) (quoting *Diorio v. Penny*, 103 N.C. App. 407, 408, 405 S.E.2d 789, 790 (1991)).

"The existence of contributory negligence does not depend on [the] plaintiff's subjective appreciation of danger; rather, contributory negligence consists of conduct which fails to conform to an objective standard of behavior—the care an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury." *Lenz v. Ridgewood Assocs.*, 55 N.C. App. 115, 122–23, 284 S.E.2d 702, 707 (1981). Indeed, "[o]ur appellate courts have held that the law imposes upon a person

the duty to exercise ordinary care to protect himself from injury and to avoid a known danger; and that where there is such knowledge and there is an opportunity to avoid such a known danger, failure to take such opportunity is contributory negligence." *Id.* at 122, 284 S.E.2d at 706–07. For example, this Court has concluded a plaintiff was contributorily negligent when he "knowingly expose[d] himself to a known danger when he had a reasonable choice or option to avoid that danger, or when [he] heedlessly or carelessly expose[d] himself to a danger or risk of which he knew or should have known." *Id.* at 122–23, 284 S.E.2d at 707. The procedural posture of the issue addressed in *Lenz* was different than the case at bar because it was addressed at the close of the plaintiff's evidence on the defendant's motion for directed verdict. The reasoning of *Lenz*, however, is equally applicable to the facts and procedural posture of this case.

Here, the undisputed facts establish that Plaintiffs had more than one opportunity to take a safe, alternative route instead of proceeding through the construction site. Construction sites are rarely safe for pedestrians. By proceeding through the construction fencing, past traffic cones and barriers, and into the construction site, Plaintiffs "heedlessly [and] carelessly expose[d] [themselves] to a danger or risk of which [they] knew or should have known." *See id.* at 122–23, 284 S.E.2d at 707. Plaintiffs' choice to proceed through a hazard that was clearly marked off by netting, fencing, cones, and other barriers, despite the availability of reasonably alternative routes, "fails to conform to an objective standard of behavior—the care an

ordinarily prudent person would exercise under the same or similar circumstances to avoid injury." *Id.* at 122, 284 S.E.2d at 707 (citation omitted). Therefore, the undisputed facts establish that Plaintiffs were contributorily negligent as a matter of law. Accordingly, the trial court did not err in granting Defendants' motions for summary judgment.[2]

### B. Gross Negligence

Next, Plaintiffs argue that this Court need not address the issue of their contributory negligence because Defendants were grossly negligent. In particular, Plaintiffs assert that Defendants were grossly negligent by failing to comply with a building code and the City's Work Area Traffic Control Handbook ("WATCH Manual"). We disagree.

"Gross negligence, if established, overcomes the defense of contributory negligence." *Archie v. Durham Pub. Schs. Bd. of Educ.*, 283 N.C. App. 472, 478, 874 S.E.2d 616, 622 (2022). To overcome a defense of contributory negligence, gross negligence requires conduct that is "willful, wanton, or done with reckless indifference." *Id.* at 478, 874 S.E.2d at 622. "Willful conduct is done purposefully and in deliberate violation of the rights of others" while "[w]anton conduct is 'done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the

---

[2] Because Mrs. Carlson's loss of consortium claim is derivative of Mr. Carlson's claims, the trial court did not err in granting Defendants' motions for summary judgment as to Mrs. Carlson's claim. *See Nicholson v. Hugh Chatham Mem. Hosp., Inc.*, 300 N.C. 295, 304, 266 S.E.2d 818, 823 (1980).

rights of others.'" *Id.* at 479, 874 S.E.2d at 622 (quoting *Parish v. Hill*, 350 N.C. 231, 239, 513 S.E.2d 547, 551–52 (1999)). "[M]ore than a violation of [a] building code is required to reach the somewhat elevated level of gross negligence." *Bashford v. N. Carolina Licensing Bd. for Gen. Contractors*, 107 N.C. App. 462, 466, 420 S.E.2d 466, 468–69 (1992).

In *Cullen v. Logan Developers, Inc.*, our Supreme Court considered whether the defendant's alleged building code violation was enough to establish gross negligence and overcome the defense of contributory negligence. 386 N.C. 373, 382, 904 S.E.2d 730, 737 (2024). The Court concluded that "such a violation does not automatically constitute gross negligence because it is not necessarily the product of a bad purpose or reckless indifference to the rights of others." *Id.* at 382, 904 S.E.2d at 737. Thus, the Court concluded the plaintiff's argument failed. *Id.* at 382–83, 904 S.E.2d at 737.

Here, Plaintiffs contend Defendants were grossly negligent by failing to post a sign warning pedestrians of the closed sidewalk and directing them to an alternative route, as required by N.C. Building Code § 3301.2 and the WATCH Manual. But Plaintiffs do not explain how Defendants' conduct was "willful, wanton, or done with reckless indifference." *See Archie*, 283 N.C. App. at 478, 874 S.E.2d at 622. Nor do Plaintiffs explain how the violation was "the product of a bad purpose or reckless indifference to the rights of others." *See Cullen*, 386 N.C. at 382, 904 S.E.2d at 737. Because "more than a violation of [a] building code is required to reach the somewhat

elevated level of gross negligence," Plaintiffs' argument fails. *Bashford*, 107 N.C. App. at 466, 420 S.E.2d at 468–69.

**C.** **Rule 60(b) Motion**

Finally, Plaintiffs contend the trial court erred by denying their Rule 60(b) motion. According to Plaintiffs, certain newly-discovered evidence submitted in support of their motion created a genuine issue of material fact sufficient to preclude summary judgment. Additionally, Plaintiffs contend the trial court erred by denying their motion without a hearing. We disagree.

Our "standard of review of a trial court's denial of a Rule 60(b) motion is abuse of discretion." *Davis v. Davis*, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006). Similarly, this Court reviews a trial court's decision to enter an order on a Rule 60 motion without a hearing for abuse of discretion. *Ollo v. Mills*, 136 N.C. App 618, 625, 525 S.E.2d 213, 217 (2000). "An abuse of discretion is a decision manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Briley v. Farabow*, 348 N.C. 537, 547, 501 S.E.2d 649, 656 (1998).

Rule 60(b)(2) provides that, "the court may relieve a party or his legal representative from a final judgment, order, or proceeding" when there is "[n]ewly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) . . . ." N.C. Gen. Stat. § 1A-1, Rule 60(b)(2) (2023). Newly-discovered evidence "could not have been obtained in time for the original proceeding through the exercise of due diligence." *Waldrop v. Young*, 104

N.C. App. 294, 297, 408 S.E.2d 883, 884 (1991). A trial court abuses its discretion when ruling on a Rule 60 motion without first conducting a hearing if a hearing was the only opportunity for the movant to present evidence in support of her motion. *Ollo*, 136 N.C. App at 625, 525 S.E.2d at 217.

Here, Plaintiffs contend that the testimony of Defendant Johnson Bros.'s designee "was not available at the [summary-judgment] hearing, despite the exercise of due diligence in time for that proceeding." But this argument overlooks the fact that the parties voluntarily scheduled the deposition of Defendant Johnson Bros.'s designee, Aaron Yovan, for 16 December 2022, four days after the hearing. Moreover, Plaintiffs had ample opportunity to depose Defendant Johnson Bros.'s designee throughout discovery. The initial complaint listed Defendant Johnson Bros. as a party, evidencing Plaintiffs' knowledge of its status in the litigation. Despite this knowledge, Plaintiffs failed to schedule the deposition prior to the calendared hearing on Defendants' motions for summary judgment. Additionally, Plaintiffs concede that the parties worked amicably to schedule the deposition, which undercuts any contention that Defendant Johnson Bros. engaged in gamesmanship or unreasonably delayed scheduling the deposition.

Thus, the deposition of Defendant Johnson Bros.'s designee, taken four days after the summary judgment hearing, was not "newly discovered" evidence as required by Rule 60(b)(2), as it was reasonably obtainable through due diligence.

Accordingly, the trial court did not abuse its discretion in denying Plaintiffs' Rule 60(b) motion. *See Davis*, 360 N.C. at 523, 631 S.E.2d at 118.

Finally, Plaintiffs had the opportunity to present evidence in support of their Rule 60(b) motion without a hearing. In fact, Plaintiffs presented ample evidence without a hearing, by attaching to their motion: the City of Charlotte's interrogatory responses, the deposition transcript of Defendant Johnson Bros.'s designee, photographs of the constructive site, and portions of the deposition transcripts for Mrs. Carlson and Defendant J.E. Dunn. Accordingly, the trial court did not abuse its discretion in denying Plaintiffs' motion without a hearing. *See Ollo*, 136 N.C. App at 625, 525 S.E.2d at 217.

## V.    Conclusion

We conclude that the trial court did not err in granting Defendants' motions for summary judgment, nor in denying Plaintiffs' Rule 60(b) motion. Accordingly, we affirm.

AFFIRMED.

Judges FLOOD and STADING concur.

Report per Rule 30(e).