HENRY MILTON BEST, III, D.D.S., PETITIONER v. NORTH CAROLINA STATE
BOARD OF DENTAL EXAMINERS, RESPONDENT

No. 9110SC1006

(Filed 1 December 1992)

1. **Hospitals § 5 (NCI3d); Physicians, Surgeons, and Allied Professions § 5 (NCI3d) — anesthetics for dental patient — lawfully qualified nurse — decision by Dental Examiners**

The State Board of Dental Examiners, not the Board of Nursing, has the authority to determine what constitutes a "lawfully qualified nurse" who may administer intraoral injections of anesthetics to dental patients pursuant to N.C.G.S. § 90-29(b)(6). The authority granted to the Board of Nursing is limited to the practices found in the Nursing Practice Act.

**Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 140, 244.**

2. **Physicians, Surgeons, and Allied Professions § 5 (NCI3d) — anesthetics for dental patients — meaning of lawfully qualified nurse — amendment of statute — moot issue**

The issue of whether the Board of Dental Examiners was correct in ruling that a "lawfully qualified nurse" who may

administer intraoral injections of anesthetics under N.C.G.S. § 90-29(b)(6) means a certified registered nurse anesthetist was rendered moot when that statute was amended on 1 July 1992 to read "lawfully qualified nurse anesthetist."

**Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 140, 244.**

Appeal by respondent from order signed 26 August 1991 by Judge Henry W. Hight in Wake County Superior Court. Heard in the Court of Appeals 15 October 1992.

*Parker, Poe, Adams & Bernstein, by Heman R. Clark, Stephen D. Coggins, Jim Wade Goodman, and Sharon Coull Wilson, for petitioner-appellee.*

*Bailey & Dixon, by Ralph McDonald, Dorothy V. Kibler, and Denise Stanford Haskell, for respondent-appellant.*

LEWIS, Judge.

The petitioner is a periodontist who practices in Jacksonville. By this action he seeks to determine what constitutes a "lawfully qualified nurse" in N.C.G.S. § 90-29(b)(6). We must determine whether the Dental Board or the Nursing Board has the authority and jurisdiction to define "lawfully qualified nurse" under this provision of the Dental Practice Act.

In May 1986, to assist him in his dental practice, petitioner hired a registered nurse. Petitioner trained the nurse, and delegated to her, among other duties, the task of administering intraoral injections of anesthetic. Petitioner inquired of the North Carolina State Board of Dental Examiners ("Dental Board") whether delegation of this particular duty comported with the Dental Practice Act.

Under this Act, only those specifically licensed to do so are permitted to practice dentistry in this State. N.C.G.S. §§ 90-22(a), 29(a) (1990). The statute holds that a person practices dentistry in the state if he:

(6) Administers an anesthetic of any kind in the treatment of dental or oral diseases or physical conditions, or in preparation for or incident to any operation within the oral cavity; provided, however, that this subsection shall not apply to a

*lawfully qualified nurse or anesthetist* who administers such anesthetic under the supervision and direction of a licensed dentist or physician.

N.C.G.S. § 90-29(b)(6) (1990) (emphasis added).

Upon receiving petitioner's inquiry, the Dental Board contacted the North Carolina Board of Nursing ("Nursing Board") to "request a ruling as to whether nurses licensed in North Carolina are lawfully qualified to inject anesthetics intraorally." In response, the Nursing Board concluded that a "lawfully qualified nurse" pursuant to N.C.G.S. § 90-29(b)(6) meant a certified registered nurse anesthetist ("CRNA"). While we can find no indication of it in the record, the Dental Board apparently then relayed this information to the petitioner. Believing the determination to be overly restrictive, petitioner contacted and petitioned the Nursing Board to reconsider its ruling.

In response to petitioner's petition, the Nursing Board amended its determination of lawfully qualified nurses for the purpose of administering anesthetic intraorally. The Nursing Board determined that:

> [i]t is within the scope of practice of the registered nurse to <u>administer intraoral local infiltrates</u> for dental procedure provided that there is (1) written protocol, (2) documentation of appropriate training and supervised clinical practice and (3) written approval of agency administration and/or appropriate dentist or physician. (January 1987) (emphasis original).

In response, the Dental Board wrote to the Nursing Board and expressed its concern over this determination.

The Dental Board then, in response to petitioner's request, issued a declaratory ruling holding that a "lawfully qualified nurse" under N.C.G.S. § 90-29(b)(6) is a CRNA. Petitioner sought judicial review. The Superior Court vacated the Dental Board's ruling, and held that the "North Carolina Board of Nursing, and not the [Dental Board], has the authority and jurisdiction to interpret the phrase 'lawfully qualified nurse' in N.C.G.S. § 90-29(b)(6)." The Dental Board appealed.

A reviewing court (here the Superior Court) may reverse or modify an agency's final decision if:

the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions;

(2) In excess of the statutory authority or jurisdiction of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or

(6) Arbitrary or capricious.

N.C.G.S. § 150B-51(b) (1991).

Petitioner's request for judicial review claimed that the Dental Board's ruling was in excess of its statutory authority, was made upon an unlawful procedure, was affected by erroneous interpretation of law, and was arbitrary and capricious. The basic issues on appeal concern (1) the correct statutory interpretation of the term "lawfully qualified nurse," and (2) which agency has the authority to interpret its meaning in the present context. Errors made in interpreting a statute are errors of law. *Savings and Loan League v. Credit Union Comm'n*, 302 N.C. 458, 464, 276 S.E.2d 404, 409 (1981). "When the issue on appeal is whether a state agency erred in interpreting a statutory term, an appellate court may freely substitute its judgment for that of the agency and employ *de novo* review." *Id.* at 465, 276 S.E.2d at 410 (citations omitted).

We utilize the "whole record" test in our review. When an appellate court reviews a lower court's decision as opposed to when it hears direct appeals from administrative agency's decisions, review is governed by N.C.G.S. § 150B-52 (1991). The scope of review in these instances is the same as it is for other civil cases. *Henderson v. North Carolina Dep't of Human Resources*, 91 N.C. App. 527, 531, 372 S.E.2d 887, 890 (1988); *see also Scroggs v. North Carolina Criminal Justice Standards Comm'n*, 101 N.C. App. 699, 400 S.E.2d 742 (1991). "Thus, our consideration of the superior court judgment is limited to determining whether the court committed any errors of law. . . . [W]e must consider the 'whole record'

so that we may determine whether the superior court judge was correct as a matter of law" in vacating the Dental Board's ruling. *Henderson*, 91 N.C. App. at 531, 372 S.E.2d at 890.

In considering the whole record, we must determine if the agency's findings and conclusions are supported by substantial evidence, or, evidence that a reasonable mind could find adequate to support a conclusion. *North Carolina Dep't of Correction v. Hodge*, 99 N.C. App. 602, 610, 394 S.E.2d 285, 289 (1990). We must take into account both evidence that supports and that contradicts the agency's decision. Our question, essentially, is whether the agency's decision has a rational basis in the evidence. *Id.* (quoting *In re Rogers*, 297 N.C. 48, 65, 253 S.E.2d 912, 922 (1979)).

We note first that although courts are the final interpreters of statutory terms, "the interpretation of a statute by an agency created to administer that statute is traditionally accorded some deference." *Savings and Loan League v. Credit Union Comm'n*, 302 N.C. 458, 466, 276 S.E.2d 404, 410 (1981). The Legislature has conferred the authority to regulate the practice of dentistry on the North Carolina State Board of Dental Examiners. N.C.G.S. § 90-22(b) (1990). N.C.G.S. § 90-29 defines and regulates the practice of dentistry in this State.

[1] The Dental Board found that the administration of oral injections — except by lawfully qualified nurses and anesthetists who do so under a dentist's supervision — constituted the practice of dentistry. The Dental Board further found that administering anesthetic can be a dangerous procedure if performed by an improperly trained person. The Board found that nurses are not generally trained in the anatomy of the mouth, in dentistry in particular, or in the intraoral administration of anesthetic. The declaratory ruling also held that lawfully qualified nurses under N.C.G.S. § 90-29 are certified registered nurse anesthetists, because CRNAs are "trained in the anatomy of [the] neck and mouth, . . . and [are] trained to deal with the types of emergencies that could arise in connection with the use of anesthesia." The Dental Board reasoned that this holding would assure more consistent and uniform training of nurses, and thereby be more protective of the public health, safety, and welfare.

· Nurses are regulated under Chapter 90, Article 9A, more commonly referred to as the Nursing Practice Act. Under these statutory provisions, the North Carolina Board of Nursing is empowered

to "(1) [a]dminister *this* Article; (2) [i]ssue its interpretations of *this* Article; [and] (3) [a]dopt, amend or repeal rules and regulations as may be necessary to carry out the provisions of *this* Article." N.C.G.S. § 90-171.23(b) (1990) (emphasis added). The intraoral injection of anesthetic by lawfully qualified nurses is not a subject covered in the Nursing Practice Act, but instead is specifically provided for—and characterized as "dentistry"—in the Dental Practice Act. We do not believe our Legislature intended that one profession set the standards of qualification for another. The authority granted the Nursing Board is limited to the practices found in the Nursing Practice Act.

We find substantial evidence in the record to uphold the declaratory ruling of the Dental Board. For the superior court to vacate this ruling constituted an error of law. We therefore reverse the Superior Court's order, and hold that the Dental Board is the correct agency to determine what kind of nurse qualifies as a "lawfully qualified nurse" pursuant to N.C.G.S. § 90-29(b)(6).

[2] Finally, we note that this statute has been amended, effective 1 July 1992, to read "lawfully qualified nurse anesthetist." N.C.G.S. § 90-29(b)(6) (Cum. Supp. 1992). This amendment deletes the word "or." Considering the evidence before us that the Dental Board lobbied for the change, there is more than a reasonable inference that "lawfully qualified nurse anesthetist" was intended to equate CRNA. We find the matter is moot.

Reversed.

Judges JOHNSON and COZORT concur.