PRICE AND PRICE MECHANICAL OF N.C., INC., a North Carolina Corporation, Plaintiff v. THE MIKEN CORPORATION, Defendant

No. COA07-932

(Filed 17 June 2008)

**Contracts— forum selection clause—improvement to N.C. real property—void**

The trial court erred by granting defendant's motion to dismiss for improper venue an action arising from cancellation of a contract for work on a retail outlet in Asheville, N.C. The contract contained a clause indicating that any action was to be brought in Florida, but, under N.C.G.S. § 22B-2, forum selection clauses contained within contracts involving improvements to real property located in North Carolina are void as a matter of public policy.

Appeal by plaintiff from an order entered 30 April 2007 by Judge Mark E. Powell in Buncombe County Superior Court. Heard in the Court of Appeals 6 February 2008.

*Ferikes & Bleynat, PLLC, by Edward L. Bleynat, Jr. and Mary March Exum, for plaintiff-appellant.*

*Roberts & Stevens, P.A., by Ann-Patton Nelson and Wyatt S. Stevens, for defendant-appellee.*

HUNTER, Judge.

This cause of action arose after Price and Price Mechanical of N.C., Inc. ("plaintiff") and The Miken Corporation ("defendant") entered into a contract for the improvement of real property in the state of North Carolina. The contract contained choice of law and forum selection clauses. Plaintiff sued defendant alleging breach of contract. Plaintiff appeals from an order dismissing its complaint for improper venue pursuant to Rule (12)(b)(3) of the North Carolina Rules of Civil Procedure. After careful consideration, we reverse.

Plaintiff is a mechanical subcontractor with an office and principal place of business in Buncombe County, North Carolina. Defendant is a Florida Corporation with its principal place of business in Tampa, Florida. Defendant is in the business of building shopping centers and other retail infrastructure.

On or about 21 October 2003, plaintiff, as a subcontractor, provided defendant with a proposal to perform mechanical and HVAC work during the construction of the "Ross Dress for Less" retail outlet in Overlook Village shopping center, Asheville, North Carolina. On or about 7 November 2003, plaintiff received a faxed subcontract work offer from defendant acknowledging the agreed-upon price and authorization for plaintiff to schedule work and order materials.

Defendant's president signed on the line provided for his signature under the heading "Subcontract Work Order" on 7 November 2003. On 14 November 2003, the vice president and project manager of plaintiff also signed the document.

Thereafter, defendant mailed a document titled "The Miken Corporation Contractor/Subcontractor Agreement" ("the agreement") to plaintiff. Paragraph 24 of the document reads: "GOVERNING LAW: This Agreement shall be interpreted under and its performance governed by the laws of the State of Florida. Any suit or action relating to or arising out of the Agreement shall be brought in the appropriate Florida State Court in and for Hillsborough County, Florida."

**PRICE & PRICE MECH. OF N.C., INC. v. MIKEN CORP.**

[191 N.C. App. 177 (2008)]

Four days after plaintiff's officers had signed the document, defendant's president sent a letter to plaintiff's project manager cancelling the agreement between the parties for the work order. Plaintiff then filed a complaint against defendant alleging breach of contract and seeking recovery in excess of $10,000.00. On 30 April 2007, the trial court granted defendant's motion to dismiss for improper venue. *See* N.C. Gen. Stat. § 1A-1, Rule 12(b)(3) (2007).

The issue in this case is whether N.C. Gen. Stat. § 22B-2 (2007) voids the contract's provisions providing for any suit regarding the contract to be brought in the State of Florida and to be interpreted under the laws of Florida. We hold that those provisions are void.

Questions regarding statutory interpretation are reviewed *de novo* under an error of law standard. *Best v. N.C. State Board of Dental Examiners*, 108 N.C. App. 158, 161, 423 S.E.2d 330, 332 (1992), *disc. review denied*, 333 N.C. 461, 428 S.E.2d 184 (1993). In addition, questions of contract interpretation are reviewed as a matter of law and the standard of review is *de novo. Harris v. Ray Johnson Constr. Co.*, 139 N.C. App. 827, 829, 534 S.E.2d 653, 654 (2000).

I.

Plaintiff argues that the trial court erred by dismissing plaintiff's complaint because defendant's choice of law and forum selections clauses are invalid. We agree.

N.C. Gen. Stat. § 22B-2 addresses how choice of law and choice of forum provisions are to be regarded when the subject matter of the contract involves improvement to realty located in North Carolina. N.C. Gen. Stat. § 22B-2 in pertinent part states:

> A provision in any contract, subcontract, or purchase order *for the improvement of real property in this State, or the providing of materials therefor, is void and against public policy* if it makes the contract, subcontract, or purchase order subject to the laws of another state, or provides that the exclusive forum for any litigation, arbitration, or other dispute resolution process is located in another state.

*Id.* (emphasis added).

Defendant, however, relies on case law interpreting N.C. Gen. Stat. § 22B-3 (2007). This statute contains the following language:

> *Except as otherwise provided in this section,* any provision in a contract entered into in North Carolina that requires the

prosecution of any action or the arbitration of any dispute that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable. This prohibition shall not apply to non-consumer loan transactions or to any action or arbitration of a dispute that is commenced in another state pursuant to a forum selection provision with the consent of all parties to the contract at the time that the dispute arises.

*Id.* (emphasis added).

Cases interpreting N.C. Gen. Stat. § 22B-3 have examined the place of execution of the contract to decide whether the statute applies. *See Hickox v. R&G Grp. Int'l, Inc.*, 161 N.C. App. 510, 513, 588 S.E.2d 566, 568-69 (2003). Section 22B-2, however, provides that the place of execution is irrelevant to contract interpretation when real property located in the state of North Carolina is the issue of the contract and the place of performance is of paramount concern. While both sections relate to contract interpretation, section 22B-2 applies in the instant case because it deals specifically with contracts relating to real property in North Carolina. *See Electric Service v. City of Rocky Mount*, 20 N.C. App. 347, 350, 201 S.E.2d 508, 510 (1974) (where two statutes could apply, the more specific statute is viewed as an exception to the general statute).

In this case, real property located in North Carolina is the subject matter of the contract. Specifically, the contract at issue pertains to: (1) the improvement of real property; (2) which is located in North Carolina; and (3) plaintiff contracted to provide labor and materials. Thus, section 22B-2 applies. *See Burgess v. Your House of Raleigh*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990) (where the language of a statute is clear and unambiguous, we apply its plain meaning).

Under section 22B-2, forum selection clauses contained within contracts involving improvements to real property located in North Carolina are voided as a matter of public policy. Thus, the contract provisions that Florida law applies and that contract litigation is to occur only in Hillsborough County, Florida, are void.

II.

In summary, we hold that the trial court erred by dismissing plaintiff's complaint because defendant's choice of law and forum selection clauses are invalid in light of N.C. Gen. Stat. § 22B-2, ren-

dering venue proper in Buncombe County, North Carolina. Accordingly, the ruling of the trial court is reversed and this case is remanded to the Superior Court of Buncombe County.

Reversed and remanded.

Judges BRYANT and JACKSON concur.