BECHARD P. HODGIN And WIFE, WILLINE N. HODGIN, Plaintiffs v. UNITED COMMUNITY BANK, FRANKLIN, Defendant

No. COA12-383

(Filed 20 November 2012)

**Civil Procedure—Rule 60(b) motion—appropriate remedy for errors of law—appeal or Rule 59 motion**

The trial court abused its discretion in a breach of contract, fraud, unfair and deceptive trade practices, unjust enrichment, and punitive damages case by granting plaintiffs' motion for N.C.G.S. § 1A-1, Rule 60(b) relief. The appropriate remedy for errors of law committed by the trial court is either appeal or a timely motion for relief under N.C.G.S. § 1A-1, Rule 59(a)(8). Assuming *arguendo* that a Rule 60(b) motion was an appropriate manner of recourse for plaintiffs to seek relief from the final order, the trial court erred in granting such motion because the request did not meet any of the requirements set forth in Rule 60(b).

Appeal by defendant from order entered 28 November 2011 by Judge Monica Leslie in Macon County District Court. Heard in the Court of Appeals 12 September 2012.

*Eric Ridenour and Jeffrey Goss of RIDENOUR & GOSS, PA, attorneys for plaintiffs.*

*Esther E. Manheimer, Mark A. Pinkston, Lynn D. Moffa of THE VAN WINKLE LAW FIRM, attorneys for defendant.*

**HODGIN v. UNITED CMTY. BANK**

[223 N.C. App. 408 (2012)]

ELMORE, Judge.

United Community Bank, Franklin (defendant) appeals from an order denying its motion for reconsideration and granting an amended motion for appropriate relief in favor of Bechard P. Hodgin and his wife Willine P. Hodgin (plaintiffs). After careful consideration, we reverse the decision of the trial court.

## I. Background

The dispute between the parties to this appeal began in 2003 when plaintiffs entered into an agreement with defendant to finance a loan for the construction of a new home on a 1.62 acre parcel of land owned by plaintiffs. At that time, plaintiffs also owned an adjacent 2.09 acre tract of land. Plaintiffs borrowed $168,000.00 from defendant, and they secured the loan by executing a Deed of Trust (the 2003 DOT) in favor of defendant. Plaintiffs only intended for the 1.62 acre parcel of land to be collateral for the loan, but the 2003 DOT adjoined the 2.09 acre tract of land as well.

Later, in 2004, plaintiffs required additional funds to complete their home construction, and they borrowed $18,050.00 from defendant in the form of an unsecured loan. Plaintiffs then failed to make their loan payments. However, to avoid default, the parties agreed to refinance plaintiff's total debt, thus covering both the $168,000.00 loan and the $18,050.00 loan with a new Deed of Trust (the 2006 DOT). Again, plaintiffs intended to encumber only the 1.62 parcel of land as collateral, but the 2006 DOT adjoined the 2.09 acre tract of land as well. After the 2006 DOT was executed, defendant recorded a satisfaction of the 2003 DOT in the Macon County Registry.

Soon thereafter, plaintiffs discovered that both the 2003 DOT and the 2006 DOT encumbered their 2.09 acre tract of land. Plaintiffs informed defendant of this fact, and on 16 March 2006, defendant executed and recorded a release deed in the Macon County Register of Deeds. Plaintiffs thought that the release deed released the 2.09 acre tract of land from the 2006 DOT. However, the release deed actually only released the 2.09 acre tract of land from the 2003 DOT, which had been satisfied and was no longer in effect.

Plaintiffs then again defaulted on their loan, and defendant initiated foreclosure proceedings on both parcels of land, pursuant to the 2006 DOT. At the foreclosure sale, defendant purchased both the 1.62 acre parcel of land and the 2.09 acre tract of land and later sold both pieces of property to a bona fide purchaser.

On 22 April 2010, plaintiffs filed suit against defendant for 1) breach of contract, 2) fraud, 3) unfair and deceptive trade practices, 4) unjust enrichment, and 5) punitive damages. In that suit, plaintiffs argued that defendant agreed to release the 2.09 acre tract of land, and that plaintiffs had been fraudulently led to believe that the 2.09 acre tract of land had been released from the 2006 DOT by the release deed. On 10 June 2010, defendant filed a motion to dismiss and motion to stay proceedings pending arbitration. In that motion, defendant argued that the loan agreement and 2006 DOT contained arbitration provisions, and defendant asked the trial court to enter an order referring the case to binding arbitration.

On 16 August 2010, the trial court held a hearing regarding defendant's motion. At that hearing, the trial court told Plaintiff Bechard P. Hodgin that defendant "is saying that you have to go to arbitration." Plaintiff Bechard P. Hodgin then replied "Okay. I'll go to arbitration." The trial court then entered an order granting defendant's motion and referring the case to arbitration.

The arbitration hearing was held on 22 November 2010 at the Macon County Courthouse. After the hearing, the arbitrator issued a final award on 21 December 2010. In that award, the arbitrator found that "it is clear that the intent of the parties was to rely upon the 1.62 acre tract . . . as collateral" for the loan and that "there was no intent to include the 2.09 acre parcel . . . as collateral for any of those loans." But since the bank sold the 2.09 acre tract of land "to a bona fide purchaser, the 2.09 acre tract cannot be returned to the Plaintiffs." The arbitrator then awarded plaintiffs "only the fair market value of the 2.09 acres at the time of the foreclosure," $16,040.00.

However, plaintiffs believed that the actual value of the 2.09 acre tract of land was substantially greater than the amount awarded in arbitration. Thus, plaintiffs sought to appeal the arbitration award by filing a request for trial *de novo* with the trial court on 22 December 2010. That trial was scheduled for 1 March 2011, but later continued to the next jury term of 6 June 2011.

However, in the interim, defendant filed a motion to confirm the arbitration award on 3 February 2011. On 2 June 2011, two days before the *de novo* trial was to occur, the trial court entered an order granting defendant's motion to confirm the arbitration award. Plaintiffs then filed a motion for appropriate relief on 20 June 2011. On 29 July 2011, plaintiffs filed an amended motion for appropriate relief pursuant to Rule 60 of the North Carolina Rules of Civil

Procedure. In that motion, plaintiffs requested 1) that the 2 June 2011 order be vacated, 2) that the 16 August 2011 order be vacated, and 3) that the trial court allow plaintiffs to proceed with a *de novo* trial by jury.

On 23 August 2011, a hearing was conducted regarding plaintiffs' amended motion for appropriate relief. At that hearing, the trial court orally granted the motion on the grounds that plaintiff's claims fell outside of the scope of the contractual arbitration clauses found in the agreement and the 2006 DOT.

Defendant then filed a motion for reconsideration on 14 September 2011. On 28 November 2011, the trial court entered an order denying defendant's motion for reconsideration and granting plaintiff's amended motion for appropriate relief. There, the trial court concluded that "the claims in this case do not fall within the scope of the parties' agreement to arbitrate." Specifically, "the question of whether the Deeds of Trust erroneously included acreage that the parties did not intend to be included is not a dispute 'arising from this Deed of Trust.'" Accordingly, the order 1) vacated the trial court's 16 August 2010 order staying proceedings pending arbitration, 2) declared the arbitration award a nullity without force or effect, 3) declared the 2 June 2011 order confirming the arbitration award to be moot, and 4) granted plaintiffs a *de novo* trial by jury on all of their claims. Defendant now appeals.

## II. Arguments

Defendant presents four arguments on appeal: 1) that the trial court abused its discretion in granting plaintiffs' motion for Rule 60(b) relief, 2) that plaintiffs are estopped from challenging the arbitrability of their claims by their consent in open court and voluntary participation in the arbitration proceedings, 3) that the trial court erred as a matter of law in failing to apply well established principles of limited judicial review of final arbitration awards, and 4) that the trial court erred as a matter of law in its resolution of the underlying arbitrability issue. We agree that the trial court erred in granting plaintiffs' motion for appropriate relief, but we reach this decision because a Rule 60(b) motion cannot in any circumstances be used to collaterally attack a final order from which a party chose not to appeal.

"Rule 60(b) provides no specific relief for errors of law. The appropriate remedy for errors of law committed by the [trial] court is either appeal or a timely motion for relief under [N.C. Gen. Stat.

§] 1A-1, Rule 59(a)(8). Motions pursuant to Rule 60(b) may not be used as a substitute for appeal." *Davis v. Davis*, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006) (citations omitted).

Here, plaintiffs did not appeal or move for relief pursuant to Rule 59 from the final order entered 6 June 2011 by Judge Earwood. Instead, plaintiffs moved for relief pursuant to a Rule 60(b) motion, arguing that the trial court erred in determining that their claims regarding the 2.09 acre parcel fell within the scope of the contractual arbitration clause. This Court has held that "questions of contract interpretation are reviewed as *a matter of law*[.]" *Price & Price Mech. of N.C., Inc. v. Miken Corp.*, 191 N.C. App. 177, 179, 661 S.E.2d 775, 777 (2008) (citation omitted) (emphasis added). As such, we conclude that the trial court erred in granting plaintiffs' motion for appropriate relief, because plaintiffs improperly used that motion as a substitute for appeal.

Further, assuming *arguendo* that a Rule 60(b) motion was an appropriate manner of recourse for plaintiffs to seek relief from the final order, we nonetheless conclude that the trial erred in granting such motion here. We agree with defendant that the request did not meet any of the requirements set forth in Rule 60(b).

"[A] motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the court abused its discretion." *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975).

Rule 60(b) allows for relief from judgments for newly discovered evidence. *See* N.C. Gen. Stat. § 1A-1, Rule 60 (2011). However, for relief to be properly granted under this section, "[t]he evidence must be such as was not and could not by the exercise of diligence have been discovered in time to present in the original proceeding." *Harris v. Family Medical Center*, 38 N.C. App. 716, 719, 248 S.E.2d 768, 770 (1978) (quotations and citations omitted).

Here, according to its order, the trial court granted plaintiffs' Rule 60(b) motion on the basis that at the "August 23, 2011 [hearing,] the court was provided documents *for the first time* that tend to show that the 2.09 acre tract which is the subject of this action was erroneously pledged in both the initial and the second Deeds of Trust entered by the parties." As such, the trial court found that "the question of whether the Deeds of Trust erroneously included acreage that the parties did not intend to be included is not a dispute 'arising from this Deed of Trust.' "

However, the fact that the 2.09 acre tract was erroneously included in the 2003 DOT and the 2006 DOT was hardly new information. As early as 2006, 4 years before the first hearing in this case, plaintiffs contacted defendant to inform defendant that they believed that the 2.09 acre tract was mistakenly included in both DOTs. Further, in their complaint filed 22 April 2010, plaintiffs alleged that "the total acreage encumbered by the aforementioned Deed of Trust was a breach of the Parties' agreement" and that they "contacted Defendant and informed him that the 2.09 acre tract of land was erroneously included as part of the collateral."

We conclude that plaintiffs could have introduced this evidence during the initial proceedings at the 16 August 2010 hearing, but they did not. At that hearing, defendant told the trial court "I do have the credit agreement an (*sic*) the Deed of Trust at issue in this case, both of which have pretty clear arbitration provisions[.]" The trial court then asked plaintiff Bechard P. Hodgin "All right. Mr. Hodgin, do you want to be heard?" "They are saying that you have to go to arbitration." To which, he replied "Okay, that's fine." "Okay. I'll go to arbitration."

Thus, even if a Rule 60(b) motion was properly sought here, the evidence at issue was not newly discovered. As such, we reverse the decision of the trial court.

Reversed.

Judges CALABRIA and STEPHENS concur.