

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

May 20, 2020

TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

|  |  |  |
|---|---|---|
| WAYNE ARCHIBALD | ) | |
| | ) | |
| | ) | CASE NO. ST-16-CV-714 |
| Plaintiff, | ) | |
| | ) | ACTION FOR DAMAGES |
| vs. | ) | |
| | ) | |
| | ) | |
| THE UNIVERSITY OF THE VIRGIN ISLANDS | ) | JURY TRIAL DEMANDED |
| DAVID HALL, PRESIDENT, INDIVIDUALLY | ) | |
| AND IN HIS OFFICIAL CAPACITY AS | ) | |
| PRESIDENT OF THE UNIVERSITY OF THE | ) | |
| VIRGIN ISLANDS, CAMILLE MCKAYLE, | ) | |
| INDIVIDUALLY AND IN HER OFFICIAL | ) | |
| CAPACITY AS PROVOST OF THE | ) | |
| UNIVERSITY OF THE VIRGIN ISLANDS | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Cite as: 2020 VI Super 62U

**MEMORANDUM OPINION**

¶1     **THIS MATTER** is before the Court on the Motion To Dismiss First Amended Complaint, filed by Defendants University of the Virgin Islands, David Hall, individually and in his official capacity as president of the University of the Virgin Islands and Camille McKayle, Individually and in her official capacity as provost of the University of the Virgin Islands (collectively "UVI").[1] For the reasons herein, UVI's motion to dismiss will be granted in part and denied in part.

---

[1] The motion to dismiss was filed November 27, 2017. It is fully briefed.

## I. FACTS

¶2     The University of the Virgin Islands "is managed by a Board of Trustees and the President is designated as the Chief Executive Officer." (First Am. Compl. ¶ 5, May 4, 2017). The President of UVI is Dr. David Hall. *Id.* ¶ 6. UVI's Provost is Dr. Camille McKayle. *Id.* ¶ 7.

¶3     According to allegations in the first amended complaint, on December 7, 2009, Archibald became employed with the University of the Virgin Islands as a "non-tenured track Assistant Professor in the College of Science and Mathematics." *Id.* ¶ 8. In 2011, Archibald established, and became director of, the Caribbean Green Technology Center ("CGTC") at UVI. *See id.* ¶¶ 9, 11. In August 2014, Archibald signed a two-year contract "with an appointment to a full time **tenured track position** of Assistant Professor and [a] re-appoint[ment] as Director of the CGTC of the University." *Id.* ¶ 14. "[T]he 2014 contract between [Archibald] and [UVI] provided that in accordance with the appointment to a 'fulltime tenured track position' [Archibald] will be entitled to a tenure review in September 2016." *Id.* ¶ 15.

¶4     In May 2015, "a UVI female student filed an alleged sexual harassment complaint with the University against [Archibald]."[2] *Id.* ¶ 17. According to Archibald, he was not "provided with [a] complete copy of the student['s] . . . specific charges . . .

---

[2] Archibald claims that UVI agents or officers "conspir[ed] to initiate the termination of [Archibald] and to damage his reputation" by encouraging the student to file the complaint. *See* (First Am. Compl. ¶ 18).

until the final appeal proceedings before the Board of Trustees." *Id.* ¶ 19. UVI launched "a Title IX investigation of the sexual harassment charge[,] with the Director of Student Affairs . . . serving as the investigator."[3] *Id.* ¶ 20. The Director of Student Affairs reports to McKayle, the Provost. *Id.* The Director of Student Affairs found Archibald "guilty of sexual harassment" and "recommended that [Archibald] be suspended." *Id.* ¶ 23.

¶5     In September 2015, "[UVI]'s Office of Internal Auditor commenced an investigation of [Archibald]" after the Director of Student Affairs requested that the office investigate him for "allegations of mismanagement and alleged mishandling of [UVI] funds in the [CGTC] Accounts." *Id.* ¶ 26. During the investigation, the internal auditor seized financial documents, *e.g.*, expense records, that were in Archibald's office. *See id.* ¶¶ 27-28. Archibald states that he "was unable to access the [expense] records to refute the findings of the audit/investigative report." *Id.* ¶ 28.

¶6     On "December 14, 2015, based on a finding of a violation of [UVI]'s sexual harassment policy and mismanagement of [UVI] funds," McKayle, as provost, recommended to President Hall that Archibald be "remove[d] . . . from Directorship of CGTC and . . . den[ied] . . . a new [teaching] contract." *Id.* ¶ 29. On January 7, 2016, Archibald "directed a formal notice of appeal to . . . Provost McKayle." *Id.* ¶ 31. Provost McKayle "directed [Archibald]'s appeal to the Faculty Grievance Committee

---

[3] Archibald claims "[t]hat the Title IX investigation was conducted in an unfair and prejudicial manner for . . . reasons including[,] . . . [that] policy standards were established antecedent to the alleged incident[,] . . . [Archibald] was never given an opportunity to review the specific charges against him[ and] the investigator had no direct evidence[,] . . . [but] used statements from other persons who never filed complaints[ ] to conclude that [Archibald] was guilty . . . ." *Id.* ¶ 21.

pursuant to Section 9 of the Faculty Policy Manual." *Id.* ¶ 30. "[T]he Faculty Grievance Committee conducted a 'hearing'" and [ ]confirm[ed ] the findings and final recommendation of [Provost] McKayle."[4] *Id.* ¶¶ 33-34. Archibald "appealed the decision" to President Hall. *Id.* ¶ 35. President Hall "adopted the findings of . . . Provost [McKayle] and [the] Faculty[ Grievance] Committee and decided to terminate [Archibald]." *Id.* ¶ 36. Archibald "appealed the . . . decision to the Board of Trustees", and the Board of Trustees affirmed President Hall's decision. *Id.* ¶¶ 38-39.

¶7    Archibald claims that he "was entitled to a process pertinent to a terminated faculty [member], pursuant to [s]ection 8 [,not section 9,] of the Faculty Policy Manual." *Id.* ¶ 32. Section 8 of the UVI Faculty Policy Manual states, in relevant part, that "[t]ermination of employment of faculty with tenure or if a pre-tenure or visiting faculty before the end of the specific term may be affected by the institution only for adequate cause. If termination takes the form of a dismissal, it will be pursuant to the procedure specified in subsection b below." *Id.* ¶ 46. Section 8 provides for procedural rights that include "[a] statement of charges", a hearing and "the right to confront and cross-examine all witnesses". *Id.* ¶ 46.

¶8    Section 9 of the UVI Faculty Policy Manual is titled 'Grievance and Complaint Procedures" and sets out the procedure for faculty members to file grievances or complaints against UVI or someone associated with UVI.[5] *See id.* ¶ 47. Section 9 also

---

[4] Archibald states that during the Faculty Grievance Committee "hearing" that he "was denied the right to confront the witnesses against him; denied the right to cross examine witnesses; and denied notice of the specific charges made against him." *Id.* ¶ 33.

[5] A section 9 grievance can be filed against UVI "or someone acting on behalf of [UVI]." *See id.* at ¶ 47. A section 9 complaint can be filed against UVI "or someone associated with [UVI]." *See id.*

provides for the formation of a hearing panel by the Faculty Grievance Committee. *See id.* "The Faculty Grievance Committee is charged with . . . insur[ing] that all appropriate documentation is made available to all parties of the hearing and . . . call[ing] any witnesses requested by the panel in addition to those requested by the parties." *Id.* Additionally, "[t]he Faculty Grievance Committee [must] ensure that the hearing panel's report is duly forwarded to the grievant, complainant, respondent and to the Provost." *Id.*

¶9 Archibald's first amended complaint is 13 pages long without any identifying separation of counts or claims. But, Archibald claims that he was wrongfully terminated and "[t]hat th[is] termination . . . constitutes a breach of contract by [UVI], . . . President [Hall] and . . . Provost [McKayle] and violate[s] [his] constitutional right to due process." *Id.* ¶¶ 43-44. Archibald also claims that the Faculty Policy Manual was violated. *See id.* ¶ 43. Specifically, Archibald claims that Provost McKayle initiated a process under the wrong section of the Faculty Policy Manual that led to Archibald's termination. *See id.* ¶¶ 30, 32. Additionally, Archibald alleges "[t]hat . . . President[] [Hall's] decision was wrongful because it was made without [affording] [Archibald] real due process." *Id.* at ¶ 37. Moreover, Archibald alleges "[t]hat the Board of Trustee's decision was issued without any statement [that Archibald] could [use to] determine the basis for the decision." *Id.* ¶ 40. Further, Archibald alleges that Hall and McKayle's decisions adversely affected his professional reputation and had a negative impact on his "ability to gain employment." *See id.* at ¶¶ 52-53. Finally, Archibald claims he is entitled to compensation for unused annual leave. *See id.* ¶ 51.

¶10    UVI moves to dismiss the first amended complaint on the grounds that the complaint fails to satisfy the notice requirements under V.I. R. CIV. P. 8(a)(2) because the complaint "does not provide any factual basis as to what actions constitute actionable wrongs by President Hall, either as University President or in his individual capacity, or by Provost McKayle, as Provost or in her individual capacity." *See* (Mem. L. Supp. Mot. Dismiss First Am. Compl. 1-2, Nov. 21, 2017) [hereinafter Mot. Dismiss)]. UVI attached 3 exhibits to its motion. *See* (Mot. Dismiss Ex. 1-3).

## II. LEGAL STANDARD

¶11    In deciding whether UVI's motion to dismiss should be granted or denied, the Court considers relevant portions of Virgin Islands Rules of Civil Procedure, below, and case law.

### V.I. R. CIV. P. 8(a)(2)

> (a) **Claim for Relief.** Except as otherwise provided in these Rules, a pleading that states a claim for relief must contain:
>
>> (2) a short and plain statement of the claim showing that the pleader is entitled to relief – because this is a notice pleading jurisdiction – and the pleading shall be set forth in separate numbered paragraphs as provided in Rule 10(b), with separate designation of counts and defenses for each claim identified in the pleading

**V.I. R. CIV. P. 12(b)(6)**

> (b) **How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

> > (6) Failure to state a claim upon which relief can be granted

**V.I. R. CIV. P. 12(d)**

> (d) **Result of Presenting Matters Outside the Pleadings.** If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

## III. DISCUSSION

¶12    Virgin Islands Rules of Civil Procedure 12(b)(6) states that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . [f]ailure to state a claim upon which relief can be granted." V.I. R. CIV. P. 12(b)(6). The Virgin Islands is a notice pleading jurisdiction, and a plaintiff must meet the notice pleading standard in V.I. R. CIV. P. 8(a)(2) to overcome a 12(b)(6) motion. *See* V.I. R. Civ. P. 8(a)(2); *Mills-Williams v. Mapp*, 67 V.I. 574, 585-86 (V.I. 2017) (explaining that V.I. R. CIV. P. 8(a)(2) eliminated the plausibility standard); *Brathwaite v. H.D.V.I.*

*Holding Co.*, Case No. ST-16-CV-764, 2017 V.I. LEXIS 76, at *2-*3 (V.I. Super. Ct. May 24, 2017) (unpublished) (same). Under a notice pleading regime a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* V.I. R. CIV. P. 8(a)(2). Additionally, "the pleading shall be set forth in separate numbered paragraphs as provided in Rule 10(b), with separate designation of counts and defenses for each claim identified in the pleading." *Id.*

¶13    The Reporter's Note for V.I. R. CIV. P. 8 explains that the notice pleading standard is designed to "apply[] an approach that *declines* to enter dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief." *Mills-Williams*, 67 V.I. at 585 (quoting V.I. R. CIV. P. 8 Reporter's Note (emphasis added)) (citing *Brathwaite*, 2017 V.I. LEXIS 76, at *3). A complaint has been sufficiently stated when "it 'adequately alleges facts that put an accused party on notice of claims brought against it'" and "advise[s] the responding party of the transaction or occurrence on which the claim is based." *See Oxley v. Sugar Bay Club & Resort Corp.*, Civil No. ST-18-CV-96, 2018 V.I. LEXIS 81, at *6, *10 (V.I. Super. Ct. May 14, 2018) (unpublished) (quoting *Mills-Williams*, 67 V.I. at 585). Such facts "must be viewed in the light most favorable to the plaintiff." *Greaux v. Frett*, 2019 VI Super 77U, ¶ 4 (quoting *Adams v. North West Co.*, 63 V.I. 427, 438 (V.I. Super. Ct. Oct. 6, 2015)).

## A. Summary Judgment

¶14    Before the Court reviews the substance of UVI's motion to dismiss, the Court must determine whether to consider the documents attached to the motion, and

therefore, whether to convert UVI's 12(b)(6) motion into a motion for summary judgment. Archibald argues that "[t]o the extent [UVI] ha[s] submitted and relied on evidence outside of the pleadings by submitting several exhibits which were not before the Court, [UVI's motion to dismiss] must be construed as a motion for summary judgment." (Mem. Law Supp. Pl.'s Opp'n Defs.' Mot. Dismiss First Am. Compl. 9, Dec. 28, 2017) [hereinafter Opp'n Mot. Dismiss].

¶15    The Virgin Islands Rules of Civil Procedure 12(d) states, in relevant part, "[i]f, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgement under Rule 56." V.I. R. CIV. P. 12(d). In this instance, the Court has not considered UVI'S exhibits or statements regarding the exhibits. *See, e.g.,* (Mot. Dismiss 11, 13-15). Therefore, the Court need not convert UVI's motion to dismiss into a motion for summary judgment, and the Court declines to do so.

### B. Counts and Elements

¶16    UVI argues that Archibald has "not specifically identified any causes of action that grounds his claims for relief against President Hall and Provost McKayle in their official capacities." *Id.* at 6. Additionally, UVI states that "[Archibald]'s complaint does not set forth any counts for relief, nor does it identify any elements of a cause of action . . . . [and] [UVI] should not be required to speculate as to what [Archibald] is intending to bring against them as a claim for relief." *Id.* Archibald argues that he has "sufficiently pled allegations that are enough to raise a right to relief [and] give

[UVI] fair notice of what the claims are and the grounds upon which [the claims] rest." (Opp'n Mot. Dismiss 2). UVI argues Archibald "does not set forth any counts for relief". *See* (Mot. Dismiss 6). The Court agrees that Archibald has not designated or distinguished any individual claim. Instead, he alleges multiple causes of action that are coupled together over 13 pages and 53 paragraphs, and poorly organized.[6] *See* (Mot. Dismiss 6); (First Am. Compl. ¶¶ 37, 43-44). Archibald states that his termination "constitutes a breach of contract by [UVI], . . . President[ Hall] and . . . Provost[ McKayle] and violate[s] [his] constitutional right to due process." (First Am. Compl. ¶ 44). Archibald states in another paragraph that his due process rights were violated regarding "the contract between [him] and [UVI], the Faculty Policy Manual and the [U.S. Constitution]." *See id.* ¶ 37; *see also id.* ¶ 43.

¶17    V.I. R. Civ. P. 8(a)(2) only requires plaintiffs to give defendants reasonable notice of the claims. A complaint with no separate designation of counts is not necessarily detrimental to a plaintiff's claims. *See Leach v. Cruise Ship Excursions, Inc.*, 2019 VI Super 110U, ¶¶ 33, 35. But a complaint that fails to even mention the terms necessary to describe a claim fails to give notice. *See Bruni v. Alger*, 2019 VI Super 90, ¶ 9; *see also Leach*, ¶ 33.

¶18    Fairness dictates that "a plaintiff must allege separate claims separately in order to permit a defendant to intelligently respond to the complaint, rais[e] the

---

[6] At best Archibald makes scattered claims of violation of due process, wrongful termination and breach of employment contract.

appropriate defenses and adequately defend[] against each claim."[7] *Id.* ¶ 8 (citing *Tutein v. Parry*, 48 V.I. 101, 108 (V.I. Super. Ct. 2006)). When explaining the notice pleading standard, *Bruni* quotes that notice pleading "merely require[s] that the plaintiff give notice to the defendant of the theory behind claims alleged and the basic facts supporting those allegations." *Bruni*, ¶ 8 (citation omitted) (quoting *Great S. Co. v. Allard*, 198 B.R. 715, 718 (Bankr. N.D. Ill. 1996)); *accord Oxley*, 2018 V.I. LEXIS 81, at *10 (quoting *Great S. Co.*, 198 B.R. at 718).

¶19 In this case, the Court finds that Archibald's first amended complaint sufficiently states claims for breach of contract and due process violation. *See* (First Am. Compl. ¶¶ 37, 43-44). *But cf. Bruni*, ¶ 9; *Leach*, ¶ 33. Additionally, the Court finds that the claims are stated in a separate manner. *See Bruni*, ¶ 8 (citation omitted); (First Am. Compl. ¶¶ 37, 43-44). Paragraph forty-four of Archibald's complaint clearly articulates two separate claims. *See* (First Am. Compl. ¶ 44) ("the termination of [Archibald] constitutes a breach of contract . . . [,] and violated [Archibald]'s constitutional right to due process"). Paragraphs thirty-seven and forty-three of Archibald's complaint also establish the claim for violation of due process. *See id.* ¶¶ 37, 43.[8]

---

[7] The *Bruni* court analyzed whether a claim for negligence and gross negligence could both arise under a count for negligence. *See Bruni*, ¶ 9.

[8] Paragraph 37 reads: "That the President's decision is wrongful because it was made without giving [Archibald] real due process, in accordance with the contract between [Archibald] and the University, the Faculty Policy Manual and the Constitution of the United States, as made applicable by the Revised Organic Act of 1954."

¶20    A complaint that does not delineate separate counts does not automatically make the complaint deficient. *See Leach*, ¶¶ 33, 35. *But see Oxley*, 2018 V.I. LEXIS 81, at *10 ("a complaint should . . . identify [a] claim, reciting its elements, . . . to enable the defendant to respond intelligently and to enable the [c]ourt to determine on a [12(b)(6) motion] whether the claim is adequately pled"). As *Bruni* alludes, if a claim is unsettled law, then briefing can be ordered to establish the claim's elements.[9] *See Bruni*, ¶ 8 (citing *Oxley*, 2018 V.I. LEXIS 81, at *10-*11) (the court "must be able to identify issues of common law requiring a *Banks* analysis to order the appropriate briefing"). Similarly, a defendant can ask for a more definitive statement if the lack of elements in a complaint hinders the defendant's ability to fully respond. Moreover, the Court can sua sponte order the plaintiff to amend its complaint and include elements, if necessary. *See Thomas v. Kragel*, Civil No. ST-15-CV-573, 2018 V.I. LEXIS 132, at *7-*8 (V.I. Super. Ct. May 1, 2018) (unpublished) ("the [c]ourt *sua sponte* directs [plaintiff] to file a [s]econd [a]mended [c]omplaint that complies with V.I. R. CIV. P. 8(a)(2) and V.I. R. CIV. P. 10(b), stating each claim that is founded on a separate transaction or occurrence, in a separate count"). The Court finds the latter

Paragraph 43 reads: "That . . . Hall and . . . McKayle terminated [Archibald] wrongfully and without due process as prescribed in the Faculty Policy Manual, which is incorporated into the contract between [Archibald] and the University."

[9] The Court notes that although *Bruni* cites to *Oxley*, *Bruni* chose not to include the requirement to recite elements, but instead just stated that a claim must be identifiable. *See Bruni*, ¶ 8. Accordingly, this Court finds that *Bruni* did not agree that a recitation of elements was necessary. *Compare Bruni*, ¶ 8 (citation omitted) (a claim "must be able to identify issues of common law") *with Oxley*, 2018 V.I. LEXIS 81, at *10-*11 ("a complaint should recite the elements of a common law claim").

is the best solution. Therefore, the Court will not grant the motion to dismiss, but instead will order Archibald to amend his complaint to separate his claims.

### C. Individual and Official Capacity

¶21    UVI argues that Archibald did not "identify any actionable conduct on the part of . . . Hall and . . . McKayle in their individual capacities" or their official capacities. *See* (Mot. Dismiss 4, 6). However, Archibald argues that he has adequately pled claims against Hall and McKayle in both their individual capacities, by stating that "officers or agents of [UVI] . . . "conspir[ed] to initiate the termination of the [p]laintiff and to damage his reputation" by encouraging the student "to file the sexual harassment complaint," and in their official capacities. *See* (First Am. Compl. ¶ 18); (Opp'n Mot. Dismiss 5). Additionally, Archibald argues that his complaint denotes when Archibald is discussing Hall or McKayle in their individual or official capacities and that Hall and McKayle "made decisions in their individual capacity to breach [Archibald]'s contract." *See* (First Am. Compl. ¶¶ 24-25); (Opp'n Mot. Dismiss 6-7).

¶22    V.I. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Schrader-Cooke v. Gov't of the V.I.*, 2019 VI Super 167, the V.I. Superior Court stated that "the facts as alleged involve a [d]efendant or proposed [d]efendant taking action in their capacity as an agent of [plaintiff]'s employer, the Government of the Virgin Islands. Indeed, it is impossible for anyone except an agent of the government to effect a transfer, put an employee on leave, deny her pay, and fire her." *Schrader-Cooke*, ¶ 38 (quoting *Mills-Williams v.*

*Mapp*, Case No. ST-15-CV-574, 2016 V.I. LEXIS 238, at \*22 (V.I. Super. Ct. Aug. 30, 2016) (unpublished), *overruled on other grounds by Mills-Williams*, 67 V.I. 574). The V.I. Superior Court concluded that "the facts as pleaded do not plausibly show any interference from [d]efendants acting outside the scope of their employment." *Id.* ¶ 40 (quoting *Mills-Williams*, 2016 V.I. LEXIS 238, at \*22).

¶23    In the present case, Archibald claims that Hall and McKayle infringed on his due process rights, and breached the contract between Archibald and UVI, by not following the proper procedure in the Faculty Policy Manual, *e.g.*, "denied . . . right to confront . . . [and] cross examine witnesses[,] and denied notice of the specific charges made against him." *See* (First Am. Compl. ¶ 33); (Opp'n Mot. Dismiss 8). However, all allegations refer to actions conducted in Hall and McKayle's official capacities; actions that could only be performed by agents of UVI, *e.g.*, Provost McKayle "accepted the findings of the investigator [and] recommended to [President Hall] that [Arhibald] be removed from" his position as Director of CGTC and terminated from his teaching position "at the end of his Contract term". *See Schrader-Cooke*, ¶ 38 (quoting *Mills-Williams*, 2016 V.I. LEXIS 238, at \*22); (First. Am. Compl. ¶ 24). Consequently, UVI's motion to dismiss claims against Hall and McKayle in their individual capacities will be granted, but UVI's motion to dismiss claims against Hall and McKayle in their official capacities will be denied.

### D. Due Process Violation and Breach of Contract

¶24   UVI asserts that "[Archibald] makes no mention of precisely what conduct on the part of the University President and Provost grounds the due process claims" and that the "First Amended Complaint does not contain sufficient factual content from which any reasonable inference can be made that . . . President Hall and Provost McKayle in their official capacities breached any contracts with [Archibald], or violated his due process rights."[10] (Mot. Dismiss 8-9). The Court disagrees.

¶25   Archibald alleges that UVI terminated him without using the correct procedure laid out in Archibald's contract with UVI. *See* (First Am. Compl. ¶ 25, 32); (Opp'n Mot. Dismiss 8). Specifically, Archibald alleges that UVI used section 9 of the Faculty Policy Manual, which is for grievances and complaints that faculty members initiate, instead of section 8 of the manual, which lays out the procedure for terminating, among other things, a pre-tenure faculty member. *See* (First Am. Compl. ¶¶ 32, 46-47). In his first amended complaint, Archibald includes excerpts from section 8 and section 9 of the Faculty Policy Manual to exemplify this argument. *See id.* ¶¶ 46-47. Finally, Archibald clearly alleges that the breach of contract and due process violation stems from the procedure used to terminate him. *See id.* ¶¶ 42-44. The Court finds that Archibald has "adequately allege[d] facts that put [UVI] on

---

[10] The Court notes that Archibald's complaint possibly establishes a wrongful termination claim. *See* (First Am. Compl. ¶ 43). However, the issue is only mentioned once in the complaint and is not addressed by UVI's motion to dismiss or Archibald's opposition to motion to dismiss; therefore, the Court declines to comment on the matter. *See id.*

notice of claims brought against it" and "advise[d] [UVI] of the transaction or occurrence on which the claim is based." *See Oxley*, 2018 V.I. LEXIS 81, at *6, *10.

¶26    UVI argues that Archibald received due process through another policy and refutes Archibald's argument that he did not receive a copy of the specific charges against him. *See* (Mot. Dismiss 10-17). However, these are merit arguments that the Court need not consider on a motion to dismiss. *See Oxley*, 2018 V.I. LEXIS 81, at *3 (citing *Hans Lollik Corp. v. Gov't of the V.I.*, 17 V.I. 220, 230 (V.I. Super Ct. Mar. 6, 1981)) ("In evaluating a motion to dismiss for failure to state a claim, the [c]ourt does not address the merits of the claim but merely tests whether the claim has been adequately stated in the pleading").

### E. Substantive v. Procedural Due Process Rights

¶27    UVI argues that Archibald did not state whether his due process violation claim was procedural or substantive. *See* (Mot. Dismiss 7). While that is true, the Court finds that Archibald alleges facts that indicate a procedural due process violation. *See, e.g.*, (First Am. Compl. ¶¶ 32, 33); (Opp'n Mot. Dismiss 8). Further, the V.I. Supreme Court has stated that "[t]here is no constitutional guarantee of an established right to continued employment" and, similarly, that "there is no substantive due process interest in continued employment." *See Fleming v. Cruz*, 62 V.I. 702, 713 (V.I. 2015), *overruled on other grounds by Mills-Williams*, 67 V.I. 574 (first citing *McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994); and then citing *Wrench Transp. Sys., Inc. v. Bradley*, 340 Fed. Appx. 812, 815 (3d. Cir. 2009)).

Consequently, the Court finds that the basis of Archibald's claim is procedural and that the Court need not address whether a substantive due process violation was adequately pled.

## IV. CONCLUSION

¶28    The Court finds that Archibald's complaint fails to delineate separate counts and claims elements, but that the deficiency is not sufficient to grant UVI's motion to dismiss.. The complaint also fails to allege conduct by Hall or McKayle that could establish liability in their individual capacities. Therefore, the claims against Hall and McKayle in their individual capacities will be dismissed. Archibald does allege sufficient facts to establish a claim for breach of contract and due process violation. Therefore, the motion to dismiss on those grounds will be denied. Lastly, the procedural due process claim is sufficiently pled that it will survive the motion to dismiss. However, the Court will direct Archibald to amend his complaint for the limited purpose of distinguishing and designating separate counts.

¶29    The Court denies Archibald's request to convert the motion to dismiss into a motion for summary judgment as the Court did not consider the attachments to UVI's motion.

An Order consistent with this Memorandum Opinion will immediately follow.

DATED: May __19__, 2020

**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____
**LORI BOYNES TYSON**
Chief Deputy Clerk  5/19/2020

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

WAYNE ARCHIBALD

          Plaintiff,

   vs.

THE UNIVERSITY OF THE VIRGIN ISLANDS
DAVID HALL, PRESIDENT, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
PRESIDENT OF THE UNIVERSITY OF THE
VIRGIN ISLANDS, CAMILLE MCKAYLE,
INDIVIDUALLY AND IN HER OFFICIAL
CAPACITY AS PROVOST OF THE
UNIVERSITY OF THE VIRGIN ISLANDS

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. ST-16-CV-714

ACTION FOR DAMAGES

JURY TRIAL DEMANDED

## ORDER

**THIS MATTER** is before the Court on the Defendants' Motion To Dismiss. For the reasons set forth in the Memorandum Opinion entered on this day, it is hereby

**ORDERED** that the portion of the motion seeking dismissal of the claims against Defendant David Hall in his personal capacity and against Defendant Camille McKayle in her personal capacity is **GRANTED**;

**ORDERED** that the remaining portions of the motion is **DENIED**;

**ORDERED** that the claims against Defendant David Hall and Defendant Camille McKayle in their personal capacities are **DISMISSED WITH PREJUDICE**;

**ORDERED** that Plaintiff shall, <u>**by no later than June 5, 2020**</u>, file an amended complaint distinguishing and designating separate counts; and it is further

**ORDERED** that copies of this Order and the Memorandum Opinion be directed to counsel of record.

DATED: May _19_, 2020

                                    **Kathleen Mackay**
                          Judge of the Superior Court
                            of the Virgin Islands

ATTEST:
**TAMARA CHARLES**
Clerk of the Court

BY: _____
    **LORI BOYNES TYSON**
    Chief Deputy Clerk _5/19/2020_