

**FILED**
March 15, 2022 02:25 PM
SX-2017-CV-00275
**TAMARA CHARLES**
**CLERK OF THE COURT**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| REINALDO M. BERMUDEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> VIRGIN ISLANDS PORT AUTHORITY and AMERICAN ) <br> INFRASTRUCTURE DEVELOPMENT, INC., ) <br> ) <br> ) <br> Defendants. ) | **CASE NO.: SX-2017-CV-00275** <br><br> ACTION FOR DAMAGES <br><br> **2022 VI Super 28** |

## MEMORANDUM OPINION AND ORDER

¶ 1    Before the Court are Defendant Virgin Islands Port Authority's (hereinafter "VIPA") Partial Motion to Dismiss Second Amended Complaint, filed December 13, 2021, asserting failure to state a claim upon which relief can be granted; Plaintiff Reinaldo M. Bermudez's Opposition, filed December 28, 2021; and VIPA's Reply, filed January 18, 2022. Additionally, before the Court are Defendant American Infrastructure Development, Inc.'s (hereinafter "AID") Motion for Reconsideration of November 15, 2021 Order Granting Plaintiff's Motion for Leave to Amend First Amended Complaint, filed November 24, 2021; Plaintiff Reinaldo M. Bermudez's Opposition, filed December 17, 2021; and AID's Reply, filed December 31, 2021. Also before the Court are Defendant VIPA's Motion to Reconsider Court Order Granting Plaintiff's Motion to Amend First Amended Complaint, filed December 13, 2021; Plaintiff Reinaldo M. Bermudez's Opposition, filed December 28, 2021; and VIPA's Reply, filed January 18, 2021. For the reasons that follow, VIPA's Partial Motion to Dismiss will be denied, and Defendants' Motions for Reconsideration will be denied.

## BACKGROUND

¶ 2    At the time of the events giving rise to this action, Plaintiff was employed by Rumina Construction Company on the VIPA premises at the Henry E. Rohlsen Airport. AID is a Florida corporation, and at all relevant times was the general engineering consultant for VIPA with regard to its airport improvement project at the Henry E. Rohlsen Airport. AID was responsible for performing inspections of the work being done during the improvement project and reporting results of those inspections to VIPA. At the time of the incident, VIPA maintained a gate (gate 17) on its property that was defective. Nevertheless, gate 17 had been selected by VIPA as the gate by

which Rumina employees should access their jobsite. On or about May 17, 2017, Plaintiff was directed to open the gate. He alleges that when he attempted to do so, the gate fell on him and pinned him underneath, causing his injuries.

¶ 3     The Complaint was filed on June 21, 2017, asserting a premises liability claim generally alleging that VIPA was negligent. On May 3, 2019, Plaintiff filed a Motion to Amend the Complaint, granted by May 15, 2019 Order, to include AID as a party Defendant. On November 9, 2021, Plaintiff filed his Motion to Amend the First Amended Complaint to include a claim of gross negligence against Defendants. Same was granted by Order dated November 15, 2021. Defendants' Motions followed.

## DISCUSSION

### Motion to Dismiss

¶ 4     Under Rule 12(b)(6), a party may seek dismissal of a pleading for "failure to state a claim upon which relief can be granted." V.I.R. Civ. P. 12(b)(6). The Virgin Islands is a notice pleading jurisdiction and rules of pleading require that a plaintiff's complaint stating a claim for relief must provide "a short and plain statement of the claim showing that the pleader is entitled to relief…" V.I.R. Civ. P. 8(a)(2). *See Basic Servs., Inc. v. Gov't of the V.I.*, 71 V.I. 652, 659, 2019 VI 21, ¶ 10 (V.I. 2019); *Mills-Williams v. Mapp*, 67 V.I. 574, 585 (V.I. 2017). The pleading must be sufficient to put the defendant on notice of the claims brought against it. *Mills-Williams*, 67 V.I. at 585 ("…the Virgin Islands 'is a notice pleading jurisdiction, … this language is calculated to 'apply[] an approach that *declines* to enter dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief.'") (citing V.I.R. Civ. P. 8 Reporter's Note) (emphasis in original).

¶ 5     Rule 12(b)(6) disallows a pleading or portion of a pleading which fails to state a claim upon which relief can be granted. In considering a motion to dismiss for such failure, a court must view all factual allegations in the complaint as true and must construe the complaint liberally in the light most favorable to plaintiff. In a Rule 12(b)(6) motion, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim. A motion to dismiss for failure to state a claim upon which relief can be granted does not address the merits of the claim but merely tests whether the claim has been adequately stated in the complaint."

*Yearwood Enters., Inc. v. Antilles Gas Corp.*, No. ST-2017-CV-00077, 2017 VI LEXIS 91, at *3-4 (V.I. Super. June 21, 2017) (citations omitted).

¶ 6     Further, "the pleading shall be set forth in separate numbered paragraphs as provided in Rule 10(b), with separate designation of counts and defenses for each claim identified in the pleading." V.I. R. Civ. P. 8(a)(2). Here, VIPA argues that Plaintiff's gross negligence claim must be dismissed because the Second Amended Complaint fails to plead the claim as a separate count and because Plaintiff fails to state a claim upon which relief may be granted. In order to prevail on a claim for gross negligence in the Virgin Islands, "a plaintiff must establish that: (1) the defendant owed plaintiff a legal duty of care; (2) the defendant breached that duty in such a way as to demonstrate a wanton, reckless indifference to the risk of injury to plaintiff; (3) and the defendant's breach constituted the proximate cause of (4) damages to plaintiff." *Brathwaite v. Xavier*, 71 V.I. 1089, 1111, 2019 VI 26, ¶ 31 (V.I. 2019).

¶ 7     The Superior Court has held that "[a]s a matter of fairness, a plaintiff must allege separate claims separately in order to permit a defendant to intelligently respond to the complaint, raising the appropriate defenses and adequately defending against each claim. In addition, the Court may not construe two claims out of one claim and must be able to identify issues of common law requiring a *Banks* analysis to order the appropriate briefing. This Court has instructed that a complaint should identify each claim and provide factual allegations sufficient to advise the responding party of the transaction or occurrence on which the claim is based." *Bruni v. Alger*, 71 V.I. 71, 78, 2019 VI Super 90, ¶ 8 (V.I. Super. 2019) (citing *Tutein v. Parry*, 48 V.I. 101, 108 (V.I. Super. 2006) ("the function of a pleading is… to inform the opposing party and the court of the nature of the claims and defenses being asserted…. We find, that as a matter of fairness, a plaintiff must allege gross negligence as a separate claim from negligence in an action arising from the Statute [20 V.I.C. § 555(a), with exclusion from statutory cap for gross negligence] in order to permit a defendant to adequately defend against a claim of gross negligence").

¶ 8     Noting that "a claim for ordinary negligence does not put a defendant on notice of a claim for gross negligence if the claims are independent from one another," the *Bruni* court found that claims of "negligence and gross negligence must be pled under separate counts." *Id.* 71 V.I. at 79, 80. The claim of gross negligence requires pleading factual allegations that, beyond a duty of care,

"demonstrate a wanton, reckless indifference to the risk of injury to plaintiff." *Brathwaite v. Xavier*, 71 at 1111. Because a claim of gross negligence is different in quality rather than degree from ordinary negligence, each must be presented as an independent claim.

¶ 9     Here, while Plaintiff has not included any counts within his Second Amended Complaint, his gross negligence claim is asserted independently in a separate numbered paragraph that puts Defendants on notice of the claim and allows them to respond adequately. The Second Amended Complaint sets forth factual allegations that both Defendants were aware that gate 17 had been in a damaged and dangerous condition for more than two years, yet they failed and refused to repair it, while requiring workers to use it for ingress and egress, acts that allegedly demonstrate "reckless disregard for the safety of the public in general, and Plaintiff specifically." Second Amended Complaint ¶ 13. Separately, Plaintiff alleges that Defendants failed to place warning signs on the gate, or to discontinue its use.

¶ 10     Despite Plaintiff's failure to include in the Second Amended Complaint separate designation of counts for each claim as required by Rule 8(a)(2), he has provided a short and plain statement of his claims, sufficient to put Defendants on notice of the claims against them. As such, in keeping with the judiciary's preference for hearing matters on their merits rather than dismissing claims for technical failures to follow procedural rules, the pleading will not be dismissed for its failure to designate separate counts for each claim.

¶ 11     In addition to Plaintiff's failure to set out his negligence and gross negligence claims in separate counts, VIPA also argues that Plaintiff's Second Amended Complaint fails to state a claim for gross negligence upon which relief may be granted, requiring dismissal of that claim. As noted above, in order to adequately plead a claim of gross negligence a plaintiff must provide facts alleging that the defendant breached a duty owed to the plaintiff, in such a way as to demonstrate a wanton, reckless indifference to the risk of injury to Plaintiff, and that such breach constituted a proximate cause of damages to Plaintiff.

¶ 12     The Second Amended Complaint alleges that in early 2015 AID was aware that three separate gates, including gate 17, were damaged and in a dangerous condition that continued for at least two years while AID regularly reported the issue to VIPA, but neither did anything to rectify the problems. Second Amended Complaint, ¶9. Plaintiff also alleges that VIPA employed

security officers in charge of inspections who knew, or should have known, of the dangerous condition and reported that to VIPA. Despite this, Defendants failed to repair the gate, place any warning signs or discontinue use of the gate. *Id.* ¶ 11, 14. Plaintiff alleges that these facts demonstrate a wanton, reckless indifference to the risk of injury to Plaintiff.

¶ 13    VIPA, however, argues that the allegations of the Second Amended Complaint do not amount to gross negligence as a matter of law, stating that the key element of gross negligence is the state of mind of Defendant, and asserting that Plaintiff has failed to plead facts that could reasonably be construed to show wanton or reckless indifference. Despite Plaintiff's allegation that Defendants knew that the gate was in a dangerous condition for more than two years, VIPA points to the lack of allegations of other accidents or other injuries involving the gate or that VIPA had knowledge that harm was likely to occur. Yet, Plaintiff notes that VIPA and AID were aware of the damage to the gate and nonetheless required contractors to use the gate to access the construction site.

¶ 14    At this stage of the proceedings, the issue is not whether Plaintiff's gross negligence claim will survive a dispositive motion based upon evidence in the record, or whether Plaintiff will ultimately prevail on the claim at trial. Rather, Defendant's Rule 12(b)(6) Motion merely tests whether the claim has been adequately pled in the Second Amended Complaint, and whether Plaintiff is entitled to offer evidence to support the claim. A motion to dismiss for failure to state a claim upon which relief can be granted does not address the merits of the claim but merely tests whether the claim has been adequately stated in the pleading. It will be Plaintiff's burden to present evidence of gross negligence, that is Defendants' "wanton, reckless behavior demonstrating a conscious indifference to the health or safety of persons or property." Such proof must demonstrate "more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simple inattention." *Brathwaite v. Xavier*, 71 at 1110-11 (citation omitted). In *Brathwaite*, the Supreme Court found that the plaintiff had failed to present any evidence that the defendant was grossly, as opposed to ordinarily, negligent. Here, at the pleading stage, the Court is unwilling to determine as a matter of law that Plaintiff is foreclosed from attempting to present such proof of which he has adequately given Defendant notice. As such, VIPA's Partial Motion to Dismiss Second Amended Complaint will be denied.

## Reconsideration

¶ 15    Rule 6-4(b) of the Virgin Islands Rules of Civil Procedure provides that a motion to reconsider must be based on: (1) intervening change in controlling law; (2) availability of new evidence; (3) the need to correct clear error of law; or (4) failure of the court to address an issue specifically raised prior to the court's ruling. V.I. R. Civ. P. Rule 6-4. Here, Defendants AID and VIPA request reconsideration of the Court's November 15, 2021 Order granting Plaintiff's Motion to Amend the First Amended Complaint. Rule 15(a) provides that the Court "should freely give leave when justice so requires." V.I. R. Civ. P. 15(a)(2). "Appropriate justifications for deviating from the norm of freely granting leave to amend include, but are not limited to, undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment[.]" *Basic Serv., Inc. v. Gov't of the* V.I., 71 V.I. 652, 666-67, 2018 VI 21, ¶ 26 (V.I. 2019) (internal quotations omitted).

¶ 16    AID states that the basis for its Motion for Reconsideration "is twofold: to correct a clear error of law in allowing the amendment based on the current discovery record, Plaintiff's bad faith motive, and the futility of the amendment; and, the failure of the Court to address issues that AID intended to raise within 14 days of service of Plaintiff's Motion."[1] Defendants note that the parties attended mediation, on November 4, 2021, which did not result in a resolution of the matter. Shortly thereafter, Plaintiff filed his Motion to Amend the First Amended Complaint. Defendants further note that after the filing of Plaintiff's November 9, 2021 Motion, the Court entered the Order granting Plaintiff's requested relief just six days later despite V.I. R. Civ. P. 6-1(f)(1) language permitting Defendants fourteen days to respond. Defendants assert that because the Court ruled on Plaintiff's Motion without hearing, before the deadline for a response, Defendants did not have the opportunity to raise their objections for the Court's consideration. Defendants further assert that Plaintiff's Amendment is unduly prejudicial and was not filed to comport with new information, but instead was brought in bad faith, less than a week after mediation impasse, as Plaintiff was aware of all pertinent information since at least December 2018. Additionally, AID

---

[1] Defendant AID's Motion for Reconsideration, at 2.

argues that Plaintiff's claim does not evidence conduct that rises beyond mere negligence to the level of "reckless indifference."

¶ 17    The Court was not required to await a response before ruling on the Motion. "Nothing herein shall prohibit the Court from ruling without a response or reply when deemed appropriate." V.I.R. Civ. P. 6-1(f)(6). While Rule 6-4(b) allows reconsideration based upon the failure of the Court "to address an issue specifically raised prior to the Court's ruling," Defendants simply argue that the Court did not address the issues that they "intended to raise." As such, reconsideration is not warranted on the basis of the Court's failure to address issues "specifically raised" by Defendants prior to the Court's ruling.

¶ 18    Defendants argue that granting Plaintiff leave to amend was unduly prejudicial. To be deemed unduly prejudicial, the proposed amendment must unfairly disadvantage the nonmovant. "[P]rejudice to the non-moving party is the touchstone for the denial of the amendment. But the non-moving party must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (citations and internal quotations omitted).

¶ 19    Defendants point to the Superior Court's denial of the plaintiff's proposed amendment in *Tutein v. Parry* as instructive. That court found the plaintiff's proposed amendment to be unduly prejudicial where the attempted amendment to include a claim of gross negligence was made on the eve of trial after the defendant had conceded liability, such that the amendment would have exposed the defendant to a potential award in excess of the $75,000 statutory damages cap. At that late date, the trial court determined that the defendant would have been hampered in his ability to mount a complete defense. *See* 48 V.I. at 109.

¶ 20    Here, factual discovery is closed, but the deadlines for expert discovery and dispositive motions have not passed. In their Motions, Defendants have not identified necessary factual discovery of which they will be deprived, or why the factual discovery to date is inadequate to defend claims of gross negligence that are based upon the same alleged acts and omissions underlying Plaintiff's ordinary negligence claim. Because Defendants still have the opportunity to

adequately defend the claim, they are not unfairly disadvantaged or unduly prejudiced by the amended pleading.

¶ 21    As to AID's allegation that Plaintiff's Second Amended Complaint was filed in bad faith, no such inference can be drawn simply from the fact that the filing came shortly after the parties' failed to resolve their dispute in mediation. Plaintiff's rebuttal that waiting until mediation failed to resolve the case was simply to avoid unnecessary filings is just as credible, as the amendment would have been moot had the case been settled at mediation.

¶ 22    AID also argues that Plaintiff's amended pleading was not based on "new" facts as Plaintiff states, but upon information obtained in discovery several years ago. As such, the recent amendment comes too late and should properly be rejected on account of Plaintiff's undue delay. AID posits that such delay, coupled with Plaintiff's improper motive and the futility of the amendment are grounds requiring denial of the amendment. Yet, undue delay "without more, is not sufficient grounds to deny leave to amend." *Davis v. UHP Projects, Inc.,* 74 V.I. 525, 538, 2021 VI 5, ¶ 19 (V.I. 2021) (citations omitted).

¶ 23    As noted, Defendant's claim of bad faith on account of Plaintiff's improper motive is without evidentiary support, and the Court has found that the gross negligent claim in the Second Amended Complaint is not futile as it adequately contains a short and plain statement of the claim sufficient to put Defendants on notice of the gross negligence claim against them.

¶ 24    In its Motion, VIPA argues that the Order permitting Plaintiff's Second Amended Complaint is significantly prejudicial to VIPA and its litigation strategy as it substantially raises VIPA's exposure by potentially overriding the statutory cap on damages. Specifically, 29 V.I.C. § 556(c) and (d) limit VIPA's exposure in an adverse personal injury judgment to $75,000, except where there is a finding of gross negligence.

> (c) No judgment may be rendered against the Authority in excess of $75,000 in any suit or action against the Authority with respect to any injury to or loss of property or personal injury or death that:
>
> (1) is caused by the negligent or wrongful act or omission of an employee of the Authority while acting within the scope of the employee's employment under circumstances where the Authority, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred; or

(2) occurs in connection with the use of the Authority's facilities.

(d) Paragraphs (1) and (2) of subsection (c) do not apply if the injury, loss of property or death is caused by the gross negligence of an employee of the Authority while the employee is acting within the scope of employment.

29 V.I.C. § 556(c) and (d).

¶ 25    VIPA notes that it now faces the potential for an adverse judgment in excess of $75,000, arguing that it is prejudiced because factual discovery is closed, preventing it from mounting a complete defense to the gross negligence claim. VIPA points to *Tutein*, where the Superior Court found sufficient prejudice to deny the plaintiff's assertion, on the eve of trial, of a new gross negligent claim. Six years after the complaint had been filed in that action, the parties stipulated to a proposed final pretrial order where the defendant conceded negligence liability and a lack of contributory negligence in the underlying motor vehicle accident. However, in the same filing, the plaintiff asserted for the first time the existence of a legal issue – whether the defendant had been grossly negligent, such that the $75,000 statutory cap became inapplicable. *See* 48 V.I. at 102-03.

¶ 26    VIPA argues that, like the defendant in *Tutein*, because of the amended pleading, it will be prevented from mounting a complete defense to the new gross negligence claim. VIPA claims that its trial strategies are affected and that it cannot now engage in other or different discovery that it would have undertaken had it known earlier of the gross negligence claim. Yet, VIPA "has not asserted any *particularized* prejudice that it would suffer if the amendment were permitted." *Davis v. UHP Projects, Inc.*, 74 V.I at 537 (emphasis in original). Acknowledging that "prejudice to the opposing party or the trial court as 'the most important factor in determining whether leave to amend should be freely given,'" the Supreme Court in *Davis* reversed the Superior Court's denial of the plaintiff's motion to amend based on the fact that an amendment would require additional discovery, and the lack of notice to the defendant evidenced that it "may not have utilized the discovery process to its full potential." *Id.*

¶ 27    Unlike in *Tutein*, no trial date has been set in this case. Two days after the Court granted Plaintiff leave to file his Second Amended Complaint, the parties stipulated to extend expert discovery deadlines. Those expert discovery deadlines will be extended again, *sua sponte*, to account for the period the present Motions have been pending. Plaintiff now attempts to assert gross negligence. The Superior Court in *Tutein* found that the late amendment sought would have

"essentially prevented Defendant from mounting a complete defense to the claim, such as, obtaining expert reports by an accident reconstructionist." 48 V.I. at 109.

¶ 28    Despite VIPA's claim of unfair prejudice, it has presented nothing to demonstrate that the Court's Order has deprived it of the opportunity to present evidence at trial or to otherwise justify the Court's "deviating from the norm of freely granting leave to amend." *Davis*, 74 V.I. at 536-37 (citing *Basic Serv., Inc.* 71 V.I. at 667 and *Reynolds v. Rohn*, 70 V.I. 887, 899-900, 2019 VI 8 (V.I. 2019)). The existence of the statutory cap does not play a role in determining prejudice to VIPA in defending the gross negligence claim, as the fact of the cap has no effect on the ability of the parties to present facts supporting or negating Plaintiff's claims.

¶ 29    As Defendants have failed to point to any clear error of law warranting reconsideration of the Court's November 15, 2021 Order granting Plaintiff's Motion to Amend the First Amended Complaint, both Motions for Reconsideration will be denied. Accordingly, on the basis of the foregoing, it is hereby

ORDERED that Defendant Virgin Islands Port Authority's Partial Motion to Dismiss Second Amended Complaint is DENIED. It is further

ORDERED that Defendant American Infrastructure Development, Inc.'s Motion for Reconsideration of November 15, 2021 Order Granting Plaintiff's Motion for Leave to Amend First Amended Complaint is DENIED. It is further

ORDERED that Defendant Virgin Islands Port Authority's Motion to Reconsider Court Order Granting Plaintiff's Motion to Amend First Amended Complaint is DENIED. It is further

ORDERED, *sua sponte,* that the dates set out in the Fourth Scheduling Order, filed November 29, 2021, are amended as follows:

1.  Plaintiff's Expert Disclosures pursuant to V.I. R. Civ. P. 26(a)(2) shall be submitted by April 15, 2022;

2.  Defendants' Expert Disclosures pursuant to V.I. R. Civ. P. 26(a)(2) shall be submitted by June 15, 2022;

3.  Expert depositions shall be completed by August 1, 2022:

4.  All dispositive motions shall be filed by September 30, 2022;

5. The Status Conference, now set for April 7, 2022, is continued to Thursday, June 23, 2022, at 9:00 a.m. via Zoom.

DATED: March /5, 2022.

_____
DOUGLAS A. BRADY, JUDGE

ATTEST:

TAMARA CHARLES
Clerk of the Court

By: _____
Court Clerk Supervisor
3/15/2022

**Distribution List:**
Lee J. Rohn, Esq.
Robert J. Kuczynski, Esq.
Andrew C. Simpson, Esq.